954

■ NICOLETTA MANENTE, as Administratrix of the Estate of NICOLA MANENTE, Deceased, Respondent, v. SORECON CORPORATION, Appellant.— In a negligence action to recover damages for personal injury sustained by plaintiff's intestate, the defendant appeals from so much of an order of the Supreme Court, Kings County, dated August 3, 1964 and thereafter entered in Richmond County, as, upon the granting of its motion to require plaintiff to furnish security for costs, pursuant to CPLR 8501, limited the amount of such security to $250. Order modified by amending its decretal paragraph so as to direct that the plaintiff shall furnish security for costs by filing and serving an undertaking in the sum of $4,500. As so modified, the order, insofar as appealed from, is affirmed, without costs. Plaintiff's time to file and serve such undertaking is extended until 40 days after entry of the order hereon. The plaintiff is a non-resident administratrix of the estate of her late husband. Her nonresidence requires the giving of security for costs (CPLR 8501, subd. [a]). Disbursements in this action, to the present, amount to $4,062.48 for the printing of records and briefs in two prior appeals to this court from judgments in plaintiff's favor. On each appeal this court reversed the judgment and granted a new trial, with costs to abide the event (see 18 A D 2d 922; 20 A D 2d 896). If successful on a third trial or appeal, defendant's statutory costs may amount to about $375. CPLR 8503 gives the court discretionary power to fix an amount greater than $250 as security " that the plaintiff shall pay all legal costs awarded to the defendant." Under the circumstances, it was an abuse of discretion to limit to $250 the amount fixed as security for such costs. Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ EVALYN MAUSS, Respondent, v. HARRY MAUSS, Appellant.— In an action by a wife for a judicial separation, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, entered December 11, 1963 after trial, upon the court's written decision in the wife's favor, as directed the husband to pay to the wife: (a) permanent alimony of $40 per week; and (b) "all medical, surgical and hospitalization expenses, in a reasonable amount, in excess of such expenses allowed by" the Blue Cross and Blue Shield agencies. Judgment modified on the facts by amending the second decretal paragraph so as to direct the defendant husband to pay to the plaintiff wife the sum of $25 per week for her support, in addition to her medical, surgical and hospitalization expenses, as specified in the next succeeding paragraph of the judgment. As so modified, the judgment, insofar as appealed from, is affirmed, without costs. The sixth finding of fact in the court's decision is modified accordingly. In the light of all the facts disclosed by this record, we are of the opinion that the weekly alimony award was excessive to the extent indicated. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.