OPINION OF THE COURT
David B. Saxe, J.
In this action which seeks to enforce the terms of a settlement agreement, plaintiff moves inter alia, for summary judgment on its complaint; for an order requiring defendant to post a bond in the amount of at least $48,000 to secure the payment of any judgment; for an order striking defendant’s verified answer, amended answer and two affirmative defenses; for an order denying defendant disclosure; and for an award of attorneys’ fees. Defendant cross-moves pursuant to CPLR 8501 (a) to stay this action until plaintiff, a foreign corporation, files an undertaking in the amount of $500. Defendant also seeks leave to serve an amended answer. (CPLR 3025 [b].)
The settlement agreement was executed February 6, 1985 and its terms are clear: "all claims of any nature by Cie Noga S. A. (Noga) against Heather Financial Corporation (Heather) shall be finally settled upon payment by Heather to Noga of the sum of (U. S.) $40,000 (the settlement sum).” The agree *1087 ment goes on to specify the method in which payment will be made. Plaintiff has established that it has fulfilled all of its obligations under the settlement agreement, and that it is entitled pursuant to the terms of its agreement with the defendant, to the agreed settlement sum of $40,000 plus interest at the rate of 15% per annum from the date of default (Feb. 27,1985).
The defendant contends that it was its understanding that the settlement was never intended by either party to cancel either of the parties’ full rights or defenses to the underlying contract dispute. Based on this reasoning the defendant seeks leave to serve an amended answer and interpose counterclaims against the plaintiff for fraud and misrepresentation on the underlying contract dispute which the settlement agreement purported to settle.
The defendant’s attempts to alter or vary the unambiguous and clear terms of the settlement are barred by the parol evidence rule. (See, Chimart Assoc. v Paul, 66 NY2d 570, 572-573.) There, the court, quoting from its decision in Teitelbaum Holdings v Gold (48 NY2d 51, 56), stated that: " '[interpretation of an unambiguous contract provision is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument.’ ”
Such is the case here. Defendant’s position that it did not understand that the settlement agreement was intended to resolve the underlying dispute is not credible. If not that, what else is the purpose of a settlement? The settlement agreement by its terms was designed to settle all claims between the parties.
Plaintiff’s motion for summary judgment on its complaint and to strike defendant’s answer is therefore granted and defendant’s cross motion to amend its answer is denied. Plaintiff’s request for an order requiring defendant to post a bond is denied as is its request for an award of attorneys’ fees. Plaintiff’s motion to strike defendant’s demands for disclosure is denied as moot.
Finally, defendant cross-moves for an order, pursuant to CPLR 8501 (a), to stay this action until plaintiff, a foreign corporation, not licensed to transact business in this State, files an undertaking of not less than $500.
Defendant points out that relief under CPLR 8501 (a) is mandatory, not discretionary. That statute provides that *1088 where the plaintiff is not a domestic corporation or foreign corporation licensed to do business in this State, "the court * * * shall order security for costs to be given”. The following section (CPLR 8502) provides for a stay of all proceedings on the part of the plaintiff until the security is given. So, the defendant argues that this action must be stayed until the plaintiff has furnished the required security for costs.
The plaintiff opposes the cross motion contending that since the intent of CPLR 8501 is to protect New York residents from frivolous lawsuits commenced by nonresidents, that purpose would not be served here because the plaintiff’s lawsuit is not frivolous. That purpose is stated in McLaughlin, Supplementary Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, 1986 Pocket Part, CPLR C8501:l, p 29): "By directing a nonresident plaintiff to post a bond for costs, the defendant is protected from frivolous suits, and is assured that, if he eventually wins the action, the defendant will be able to recover costs from the nonresident plaintiff.”
Nevertheless, CPLR 8501 (a) is applicable in all cases, prophylactically, without regard to a plaintiff’s likelihood of ultimate success or failure in the matter. (See, Grindle v Westbury Food Mkt., 135 NYS2d 21 [Sup Ct, Nassau County 1954].) Therefore, the plaintiff’s argument that its suit is not frivolous will not defeat a defendant’s entitlement to an order under CPLR 8501 (a).
Plaintiff next argues that the defendant is not entitled to the requested relief based on the defendant’s delay. This ground however has been repeatedly rejected. The rule is that there is " 'no time limitation placed upon the defendants’ right to seek security’ ” (Green v Roosevelt Hotel, 47 Misc 2d 177, 178 [Sup Ct, NY County 1965]; Siegel, NY Prac §414 [costs]) and a defendant’s motion for costs may be made and must be granted "at any stage of the action”. (Gilbert v 503-507 W. 177th St. Corp., 186 Misc 78 [Sup Ct, NY County 1945]; Snyder v Griswold, 140 Misc 82 [Sup Ct, Chautauqua County 1931].) Nor is laches available as a defense to a CPLR 8501 (a) motion. (Barrow v Union Free School Dist. No. 13, 72 Misc 2d 164 [Dist Ct, Suffolk County 1972].)
This section is strictly applied. Thus, in Manente v Sorecon Corp. (22 AD2d 954 [2d Dept 1964]), a plaintiff was ordered to furnish security for costs after winning two prior jury verdicts which were subsequently reversed on appeal and a third trial was ordered.
*1089 Though case law is sparse, it appears that a demand for security may be made while a case is on appeal. In one case, while an appeal was pending, the defendant who was successful at the trial level was permitted to demand security for costs from a nonresident plaintiff despite the fact that the defendant had failed to make any previous demand for the filing of security. (See, Wood v Blodgett, 49 Hun 64 [Sup Ct, General Term, 5th Dept 1888]; Gifford v Rising, 48 Hun 128 [Sup Ct, General Term, 5th Dept 1888]; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 8501.16.) It appears that in each of the above-cited cases the nonresident plaintiff had been unsuccessful at trial and was the party taking the appeal. In contrast is the case of Belford v Faulk & Co. (169 Misc 132 [Sup Ct, Queens County 1938]) where the court denied a defendant’s motion for security for costs made after a trial which resulted in an interlocutory judgment in plaintiffs favor. Although the court recognized that such an application may be made "at any stage of the action”, it noted that the statute "could not have been intended to apply to a situation where the party required to furnish security for costs has, as here, prevailed after trial” (p 132). The court thus reached the conclusion that at some point it is "too late” for a defendant to move for this relief and held that this point had been reached where the plaintiff had already prevailed at trial. The accuracy of that holding is questionable based on the additional fact that the defendant in Belford had filed a notice of appeal from the judgment in plaintiffs favor. In the appellate setting, Belford (denying a CPLR 8501 [a] motion), can only be reconciled with the holdings in Wood v Blodgett (supra) and Gifford v Rising (supra, granting CPLR 8501 [a] motions) if the determinative factor in deciding whether to grant or deny a defendant’s motion for security for costs rests on who was the successful party at the trial below. I need not reach that issue however because the action here is not, at least at present, in the appellate process.
Here, plaintiff has moved for summary judgment on its entire complaint and I have granted it the requested relief. To stay plaintiffs motion, pending its filing of security for costs, would serve no purpose except to generate additional unnecessary motion practice and delay plaintiffs right to a judgment which it is entitled to. Thus, any suggestion here that, by virtue of defendant’s cross motion, I am precluded from even considering the merits of plaintiffs motion for summary judg *1090 ment until such time as plaintiff has posted security is rejected.
Since this action is now virtually at a close and plaintiff has been awarded judgment in its favor, defendant’s cross motion pursuant to CPLR 8501 (a) is denied. If defendant decides to pursue an appeal in this matter, it may bring a new motion for security for costs and the Justice to whom that motion is submitted will then need to decide whether a defendant, on appeal, has a right to demand security for costs from a nonresident plaintiff where the plaintiff was the successful party below.