■ HELEN HALLOWAY, as Administratrix of Estate of ROBERT MOSES, Deceased, Appellant, v KRNH, INC., et al., Respondents. [882 NYS2d 652]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Alessandro, J.), dated October 23, 2007, as, upon granting the defendants' motion pursuant to CPLR 8501 (a) to direct her to post security for costs, directed her to post security in the sum of $4,000, rather than the sum of $250.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the plaintiff is directed to post security for costs in the sum of $250.

When a plaintiff is an out-of-state resident, a defendant may move for an order directing the plaintiff to post security for costs during the pendency of the action so that the defendant, if successful, will be able to collect its costs (see CPLR 8501 [a]; McLaughlin, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C8501:1). Pursuant to CPLR 8503, in counties outside of the City of New York "[s]ecurity for costs shall be given by an undertaking in an amount of . . . two hundred fifty dollars . . . or such greater amount as shall be fixed by the court."

Notwithstanding the defendants' statutory entitlement to the posting of costs pursuant to CPLR 8501 (a), given the plaintiff's status as an out-of-state resident, the Supreme Court improvidently exercised its discretion in directing the plaintiff to post security in a sum in excess of $250 where the "[d]efendants neither requested nor set forth justification for security in excess of the statutory amount of $250" (Abraham v Internist Assoc. of Cent. N.Y., P.C., 55 AD3d 1297, 1298 [2008]; cf. Manente v Sorecon Corp., 22 AD2d 954 [1964]). Rivera, J.P., Miller, Balkin and Austin, JJ., concur.