Yarwood v County of Suffolk (2019 NY Slip Op 06017)





Yarwood v County of Suffolk


2019 NY Slip Op 06017


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-08568
 (Index No. 611326/15)

[*1]Linda Yarwood, etc., respondent, 
v
County of Suffolk, et al., appellants, et al., defendants.


Dennis M. Brown, County Attorney, Hauppauge, NY (Christopher A. Jeffreys of counsel), for appellants.
Laurence Jeffrey Weingard, New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendants County of Suffolk, Vincent F. DeMarco, Joseph T. Caracappa, John P. Meyerricks, Charles Ewald, James L. Tomarken, Joseph Zurl, Corrections Officer and/or Deputy Sheriff Vultaggio, Corrections Officer and/or Deputy Sheriff Liere, Corrections Officer and/or Deputy Sheriff Brown, Corrections Officer and/or Deputy Sheriff Bivona, Kevin Lombardi, James Wynne, John Gilliam, Jameson Bretz, Dominick Verni, Christopher Dean, John Urbancik, Daniel Rung, Shawn Springsteen, Mike Newman, Dayna Miller, Helen Balchuk, Edward Webber, James C. Burke, Walter Hetzel, Thomas Paocelli, Stacey Cunnen, Ryan Sefton, Joseph Scariolo, Joshua Parsons, John Oakley, Diego Campoli, Joe Guido, and Madeline C. Cunningham appeal from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated May 23, 2017. The order denied those defendants' motion pursuant to CPLR 8501(a) to direct the plaintiff to post security for costs.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, the appellants' motion pursuant to CPLR 8501(a) is granted to the extent that the plaintiff is directed, within 60 days of service of this decision and order on her, to post security for costs in the amount of $250, and the motion is otherwise denied.
The plaintiff is a nonresident administrator of the estate of her deceased son. Her nonresidence requires the giving of security for costs (see CPLR 8501[a]). Accordingly, upon the moving defendants' motion, the Supreme Court should have directed the plaintiff to post security for costs (see Manente v Sorecon Corp., 22 AD2d 954; see also Small v Stern, 65 AD3d 1326; Verdino v Alexandrou, 253 AD2d 553, 554; Gonzalez v Flushing Hosp. Med. Ctr., 245 AD2d 543; Scharaga v Schwartzberg, 149 AD2d 578, 580). Pursuant to CPLR 8503, in all counties outside of the City of New York, security for costs shall be given by an undertaking in an amount of $250. The court has the discretion to fix an amount greater than $250 (see CPLR 8503). Although the moving defendants have proposed that the plaintiff be required to post security in the amount of $27,300, we reject that amount as excessive and fix the amount at the statutory amount.
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court