(Republished)

■ BRUNO CAPPELLINI, as Administrator of the Estate of HAYDEE N. MACHADO, Deceased, Respondent, v UNITED TECHNOLOGY OF NEW YORK et al., Appellants.—The order of this court entered herein on November 20, 1980 (78 AD2d 821) is vacated, a new order substituted therefor, and the memorandum decision published therewith recalled, and the following memorandum substituted therefor: Order, Supreme Court, New York County, entered January 11, 1980, inter alia, granting defendants' motion to dismiss the complaint on grounds of forum non conveniens on condition that they (A) agree within 30 days to enter their general appearance in an action commenced in Uruguay for the same causes of action and that (B) they will not raise the Statute of Limitations as a defense, is hereby modified on the law, on the facts and in the exercise of discretion to the extent of striking condition (A) and modifying condition (B) to substitute for the phrase "in these Uruguayan actions" the words "to any actions outside New York", and otherwise affirm, without costs. In these New York actions for wrongful death and personal injuries to 26 spectators arising from the crash of two helicopters into the stands at an airshow in Montevideo, Uruguay, plaintiffs' complaints were dismissed on the grounds of forum non conveniens. The court conditioned its dismissal on defendants agreeing to appear in an Uruguayan action arising out of the same accident. On appeal appellants argue, inter alia, that the doctrine of forum non conveniens requires dismissal of these actions; that Connecticut is the most suitable, convenient and appropriate forum in which these lawsuits ought to be litigated and that the action against United Technologies of New York City should be dismissed because uncontroverted evidence was submitted on defendant's motion which establishes that its functions in New York are purely of a public relations nature and that it was never engaged in the manufacture, repair or sale of the helicopters in question. Appellants further argue that Connecticut is the principal place of business of the primary defendant where all the records are kept and its personnel located, and that Connecticut law would apply to any warranties since the helicopters were built there. The court below found Uruguay to be the most appropriate forum, as the accident occurred there, the investigation took place there, all plaintiffs reside there and Uruguayan law would apply. CPLR 327, effective September 1, 1972, provides: "When the court finds that in the interests of substantial justice the action should be heard in another forum, the court, on motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just. The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action." This section was merely a codification of the Court of Appeals decision in Silver v Great Amer. Ins. Co. (29 NY2d 356, 361) which held that forum non conveniens doctrine henceforth will "turn on considerations of justice, fairness and convenience and not solely on the residence of one of the parties". In the case before

us there are other jurisdictions with more substantial contacts and greater interest, to wit: Connecticut and Uruguay. Generally, in *forum non conveniens* actions, the court will be faced with another jurisdiction where the action clearly belongs and will so state or direct in its decision. *(Wilson v International Ocean Transp. Mgt. Corp.,* 78 AD2d 623.) In the instant case, in view of the fact that this action can be maintained in either Connecticut or Uruguay, we merely decide that it does not belong in New York and leave it to the parties to decide the forum. Concur— Murphy, P. J., Sandler, Ross, Silverman and Carro, JJ.