■ JOSEPH ABOUJDID et al., Respondents, v GULF AVIATION COMPANY, LTD., Also Known as GULF AIR, et al., Appellants. — Order, Supreme Court, New York County (Greenfield, J.), entered on February 4, 1981, unanimously affirmed. Respondents shall recover of appellants one bill of $75 costs and disbursements of this appeal. Concur — Ross, J. P., Lupiano and Bloom, JJ.

Silverman and Lynch, JJ., concur in a memorandum by Lynch, J., as follows: This action arises out of the airplane highjacking that culminated in the stirring Israeli raid and rescue at Entebbe. There are 93 plaintiffs, 89 of whom are nonresidents of New York and most of whom are residents of Israel. They were passengers on an Air France flight that originated in Tel Aviv, bound for Paris, that was highjacked in Athens, from whence it was flown first to Libya and finally to Uganda. The alleged negligence of the defendants, the failure to search the highjackers for arms, would have occurred for defendant Singapore Airlines in Bahrain and for defendant Gulf Aviation in Abu Dhabi. A similar action involving most of these plaintiffs was commenced in Illinois against Air France and Singapore Airlines. It was eventually dismissed (see *People v*

*Giliberto,* 74 Ill 2d 90). The court held, *inter alia,* that either England, Greece, France or the Netherlands would be a more convenient forum. Singapore Airlines then moved to dismiss this action asserting that the United Kingdom is a more convenient forum. Gulf Aviation joined in the motion, relying upon the facts and the law stated by its codefendant. Noting that " 'the doctrine of *forum non conveniens* presupposes the existence of a second more convenient forum' " (citing *Varkonyi v Varig,* 22 NY2d 333, 339) and that "Greece and Uganda are not the forums of choice for anybody" (*Aboujdid v Gulf Aviation Co.,* 108 Misc 2d 175, 177, 178), Special Term properly held that on the facts before it the United Kingdom was not shown to be a more convenient forum. It denied defendants' motion to dismiss, leaning heavily on the interest of New York, as a center for international air travel, in the security of its residents. On appeal defendant Gulf Aviation raised for the first time that either France or Greece would be a more convenient forum. It is difficult to comprehend why either of these countries would not be more convenient than New York. Especially Greece, where the highjacking occurred, from times ancient a crossroad of travel between Europe, Asia and Africa and presumably as interested as New York in international air safety. But this is a sixth sense impression. The record, centering only on the greater convenience of the United Kingdom, contains insufficient facts for us to conclude that the action should lie in France or Greece. For this reason I concur in the affirmance. [108 Misc 2d 175.]