JOSEPH ABOUJDID et al., Respondents, v SINGAPORE AIRLINES, LTD., et al., Appellants.

NAIM EL-MANI, Respondent, v GULF AVIATION, LTD., et al., Appellants.

First Department, May 14, 1985

### APPEARANCES OF COUNSEL

*Eugene Massamillo* of counsel (*Desmond T. Barry, Jr.,* and *Edward C. DeVito* with him on the brief; *Condon & Forsyth,* attorneys), for Gulf Aviation Company G.S.A., appellant.

*Kevin F. Cook* of counsel (*Matthew J. Corrigan* with him on the brief; *Mendes & Mount,* attorneys), for Singapore Airlines, Ltd., appellant.

*Lawrence B. Goldhirsch* of counsel (*Sally L. Schneider* with him on the brief; *Speiser & Krause, P. C.,* attorneys), for respondents.

### OPINION OF THE COURT

LYNCH, J.

Under the Foreign Sovereign Immunities Act (28 USC, part IV, ch 97) foreign States and their instrumentalities may, sub-

ject to certain exceptions, raise a defense of the lack of subject matter jurisdiction of actions brought against them in this country. (*See in general,* Newman & Burrows, Proposed Amendments [to] Foreign Sovereign Immunities Act of 1976, NYLJ, Mar. 22, 1985, p 1, col 1.) The defendants Gulf Aviation and Singapore Airlines, claiming immunity under the act (FSIA), moved for dismissal of the complaints. Special Term denied the motion, finding applicable three of the exceptions stated in the act. We find but one exception applicable and that one applicable only to Gulf Aviation. Consequently, we dismiss the complaints against Singapore Airlines.

These consolidated actions are the claims of 93 plaintiffs arising out of the 1976 hijacking in Athens of an Air France plane on a flight from Tel Aviv to Paris. The complaints allege that the hijackers were able to board the plane in Athens because the defendant airlines failed to search them at the points where their flights originated, Singapore Airlines in Bahrain and Gulf Aviation in Abu Dhabi.

The *Aboujdid* action was commenced in June 1978. (The *El-Mani* action was commenced about six months later. The record on appeal omits this action, the parties having stipulated that its issues are common with those of *Aboujdid.*) The action was a protective device in the event that a previously commenced Illinois action against Air France and Singapore Airlines were dismissed. Gulf Aviation answered the *Aboujdid* complaint in July 1978, raising no defense of sovereign immunity. In August 1978, proceedings in the *Aboujdid* action were stayed pending the resolution of the Illinois action. That action was dismissed on motion on the ground, *inter alia,* of forum non conveniens. Singapore Airlines then moved to dismiss the *Aboujdid* action in New York on the ground of inconvenient forum. Special Term denied the motion (*Aboujdid v Gulf Aviation Co.,* 108 Misc 2d 175). Singapore Airlines sought reargument, suggesting to the court that it had a defense of sovereign immunity. Special Term adhered to its denial. Its order was affirmed by this court (*see,* 86 AD2d 564). In the interim between the order and its affirmance, Singapore Airlines answered the *Aboujdid* complaint. It alleged an affirmative defense of the bar of the FSIA.

It is unchallenged that the defendants, as instrumentalities of their respective governments, are within the scope of the FSIA (*see,* 28 USC § 1603 [b]). Thus, they are entitled to its immunity if they do not fall within its exceptions (*see,* 28 USC § 1604). One exception lies when immunity has been waived, either explicitly or by implication (*see,* 28 USC § 1605 [a] [1]). There has been no

explicit waiver. The statute's expression of the availability of a waiver by implication must be construed as a limitation imposed on the usual rule permitting a defense of lack of subject matter jurisdiction to be raised at any time (*see, e.g.,* Fed Rules Civ Pro, rule 12 [h] [3] [in 28 USC, Appendix]; CPLR 3211 [e]).

The FSIA has left it to case law to determine the point at which the defense will be deemed implicitly waived and can no longer be asserted. *Canadian Overseas Ores v Compania de Acero del Pacifico* (727 F2d 274) holds that the defense of sovereign immunity is waived if not asserted in the first responsive pleading, and that the filing of a motion, prior to the responsive pleading, does not, of itself, waive the defense. This holding accords with decisional law prior to the enactment of the FSIA in 1976 (*see, Flota Maritima Browning de Cuba v Motor Vessel Ciudad,* 335 F2d 619, 625; 48 CJS, International Law, § 51). Using this standard, we hold that Gulf Aviation must be deemed to have waived the defense of sovereign immunity by not having raised it in its first responsive pleading. By having so raised it, Singapore Airlines preserved the defense.

Other exceptions to the sovereign immunity granted by the FSIA are triggered when the action is "based upon a commercial activity carried on in the United States by the foreign state * * * or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States" (28 USC § 1605 [a] [2]). Special Term found both exceptions applicable. It found that the defendants' business dealings in this country, such as selling tickets and purchasing airplanes, were continuous and systematic commercial activities sufficient for one exception and that the defendants' commercial activity outside of this country had a direct effect here sufficient for the other exception as witnessed by our Government's considerable involvement in efforts to free the hijacked passengers.

We cannot agree with these holdings. An action cannot be held to be based upon a "commercial activity" carried on here simply because a defendant does business here. A close nexus between the incident and the forum State is required; "[o]blique contacts with the United States wholly unrelated to the instant suit may not be considered" (*Chicago Bridge & Iron Co. v Islamic Republic of Iran,* 506 F Supp 981, 988; *see also, Verlinden B.V. v Central Bank of Nigeria,* 488 F Supp 1284, 1296, *affd* 647 F2d 320, *revd on other grounds* 461 US 480). "Commercial activity" is a more demanding test than the "doing business" test of CPLR 301 (*see, Harris v VAO Intourist, Moscow,* 481 F

Supp 1056, 1061; *Tigchon v Island of Jamaica,* 591 F Supp 765, 767). The actions here are not based on any commercial activity carried on in this country; they arise from the defendants' alleged negligence that occurred in Bahrain and Abu Dhabi. While the involvement of our Government in freeing the hijacked passengers may have been a direct effect in this country of the hijacking, it was at best an indirect effect of the defendants' commercial activities in operating airlines (*see, Close v American Airlines,* 587 F Supp 1062, 1064; *Harris v VAO Intourist, Moscow, supra; Upton v Empire of Iran,* 459 F Supp 264, *affd* 607 F2d 494).

We note that defendants' motion for reargument is still pending below.

Accordingly, the order of the Supreme Court, New York County (Alfred M. Ascione, J.), entered on July 13, 1984 granting defendant Gulf Aviation's motion for leave to file an amended answer to allege the defenses of lack of subject matter and personal jurisdiction based upon the Foreign Sovereign Immunities Act but denying the motions of Gulf Aviation and defendant Singapore Airlines to dismiss the complaints on the grounds, *inter alia,* that there is no subject matter jurisdiction in New York courts under the Immunities Act should be modified, on the law, to dismiss the complaint as to the defendant Singapore Airlines, Ltd., and otherwise affirmed, without costs and without disbursements.

KUPFERMAN, J. P., ASCH and FEIN, JJ., concur.

Order, Supreme Court, New York County, entered on July 13, 1984, unanimously modified, on the law, to dismiss the complaint as to the defendant Singapore Airlines, Ltd., and otherwise affirmed, without costs and without disbursements.