OPINION OF THE COURT
Daniel F. Luciano, J.
Motion by the defendant, Shinnecock Tribe of Indians, to dismiss the complaint against it is granted.
The nature of this action is well summarized in the plaintiff’s, Wesley P. Collins, memorandum of law. "The plaintiff, a Shinnecock Indian, alleges in his complaint that while attending the 1985 Shinnecock PowWow on the Tribe’s reservation located in Southampton, he was assaulted by non-members of the Tribe and as a result suffered severe personal injuries. He. further alleges that the assault was the result of the Tribe’s negligence, as well as the negligence of the co-defendant Shinnecock Presbyterian Church, the co-sponsor of the PowWow, in failing to provide any security at the 1985 PowWow, especially after his assailants had warned a trustee of the *192 Tribe the evening before the assault that they would be returning to the Reservation the next day for the precise purpose of assaulting Shinnecocks.”
The defendant, Shinnecock Tribe of Indians, has moved to dismiss on the ground that it is immune from this action based on the doctrine of sovereign immunity. The court is constrained to agree.
"Statutory authority is required in order for a tribe to sue or be sued”. (66 NY Jur 2d, Indians, § 17.) Applying this rule to the Shinnecock Indian Tribe in King v Warner (137 NYS2d 568) the court dismissed an action against the trustees of the Shinnecock Indian Tribe.
In a subsequent, related action, King v Shinnecock Tribe of Indians (221 NYS2d 980, 982), the court noted: "The present action is brought pursuant to Chapter 379 of the Laws of 1960, legislation specially enacted to authorize litigation between the plaintiff and the Shinnecock Tribe in order to establish rights in the subject premises.” Certainly, the court has been cited to no special legislation authorizing the present action against the defendant Shinnecock Tribe of Indians.
While not opposing the general principle that Indian tribes are possessed of sovereign immunity the plaintiff, Wesley P. Collins, asserts a lack of authority recognizing the Shinnecock Tribe as a tribe.
The court does not agree. Although not explicitly stating that the Shinnecock Tribe is possessed of sovereign immunity it is indisputable that the Shinnecock Tribe is recognized as a tribe in the Indian Law. (See, Indian Law §§ 120,121, 122.)
Moreover, assuming, arguendo, that the plaintiff, Wesley P. Collins, is correct in his assertion that the Shinnecock Tribe is not a recognized tribe, then it would seem that this action would be subject to dismissal oh another ground since the plaintiff, Wesley P. Collins, has failed to define the nature of the legal entity named as the Shinnecock Tribe of Indians against which this action has been brought.
Finally, the court also must reject the plaintiffs, Wesley P. Collins, assertion that the defendant, Shinnecock Tribe of *193 Indians, has waived this defense which, admittedly, was pleaded in the answer. Furthermore, since the defense of sovereign immunity raises the question of subject matter jurisdiction the motion to dismiss based on this ground may be made at any time. (CPLR 3211 [e]; cf., Aboujdid v Singapore Airlines, 108 AD2d 330, affd 67 NY2d 450.)