OPINION OF THE COURT
Edward J. Greenfield, J.
When this action was previously dismissed under CPLR 327 upon the urging of the defendants that New York was an inconvenient forum, the courts were obviously persuaded there was a better alternative forum in which the suit could be brought. (Varkonyi v S. A. Empresa De Viacao Airea Rio Grandense [Varig], 22 NY2d 333, 338; Bader & Bader v Ford, 66 AD2d 642, 645.) If there were no better alternative forum *920 available, New York courts would retain jurisdiction even though the nexus with the State is slight. (Aboujdid v Gulf Aviation Co., 108 Misc 2d 175, affd 86 AD2d 564.) When the motion to dismiss is granted pursuant to CPLR 327, provision is made that the dismissal may be "on any conditions that may be just.”
Thus, it is standard practice for a court, when dismissing a case for forum non conveniens, to condition an order upon defendant’s accepting service, and frequently requiring waiver of the defense of Statute of Limitations. (E.g., Bewers v American Home Prods. Corp., 99 AD2d 949, affd 64 NY2d 630; Hart v General Motors Corp., 129 AD2d 179.) What happens when there is such a dismissal and defendant fails to abide by the conditions? There appear to be no reported cases dealing with this situation. This case, together with the similar cases involving motions "28”, "29”, "30” and "32” of this calendar, raise that question, and therefore those motions are treated together.
The actions involved arise out of the crash and explosion of two helicopters originally built by defendants, which caused wide-spread damage to adults and children standing on the beach below. The accident occurred at an air show in Uruguay to demonstrate the capabilities of the helicopters, and each of the plaintiffs on these five motions, who sustained injuries in the accident were children at the time.
Justice Arnold G. Fraiman, in granting the motion by the defendants to dismiss all the actions for forum non conveniens, conditioned the dismissal on defendants agreeing to appear in Uruguay, and on the further condition that they would not raise the Statute of Limitations as a defense with respect to actions timely brought in New York. The Appellate Division, in affirming, modified the order to the extent of permitting a transfer of the action to Connecticut, where defendants were headquartered, but also affirming the condition that the Statute of Limitations would not be raised as a defense in any action outside New York. (Cappellini v United Technology, 79 AD2d 593, appeal dismissed 53 NY2d 796, 56 NY2d 984.)
Actions were then commenced in the United States District Court for the District of Connecticut by these plaintiffs, among others. Defendants thereupon moved to dismiss on grounds of the Statute of Limitations. Despite the orders of the New York courts, the United States District Judge granted sum *921 mary judgment on the issue of the Statute of Limitations, and at the urging of defendants on November 6, 1985 dismissed the complaints of all adult plaintiffs and of the erstwhile minors, Tchodjklian and Miguel Angel Lopez, as barred by New York law. On January 29, 1987, the District Court dismissed the complaints of the remaining minors, Monica Secco Jack, Chantal DelGatte Stajano and Alberto Aníbal Lopez on the grounds that even though their actions were timely brought in New York, they were barred by the Connecticut Statute of Limitations. Since there is no tolling provision under Connecticut law, the court held that the infants’ right to sue in Connecticut had expired during their minority.
The orders of the New York Appellate Division of March 20, 1980 and December 30, 1980 had required as a condition that defendants waive the Statute of Limitations as a defense "except to the extent already imposed as a defense in this action”, in any actions recommenced outside New York. When, in the face of the limitations imposed by the New York courts to protect the claims of infants whose rights have been extended by the New York tolling statute, the defendants nevertheless moved for dismissal of their actions on Statute of Limitations grounds in Connecticut, they failed to adhere to the conditions postulated for removal of the cases from New York.* At defendants’ urging, the infant cases were dismissed for noncompliance with the Statute of Limitations, although it was plain that the New York order intended to exempt from an assertion of such a defense those plaintiffs who were infants at the time of the accident and whose rights to sue had been extended by the tolling provision of New York CPLR 208 at the time litigation with respect to this accident was commenced in New York.
On occasion, a conditional order of dismissal will contain an express provision that if the condition is not complied with, the motion to dismiss will be deemed to have been denied. *922 (See, Demenus v Sylvester, 146 AD2d 668; Westwood Assocs. v Deluxe Gen., 73 AD2d 572.) No such express provisions spelling out the consequences of noncompliance with the conditions were present here. It must be obvious, however, that whenever a condition is imposed as the basis for an order of dismissal, it is implicit that noncompliance will result in a denial of the motion. Defendants, having succeeded in transferring this case to another jurisdiction on the basis of "convenience”, used that transfer as the means for asserting a Statute of Limitations defense that was not available in New York. This was in direct contravention of the orders of this court and of the Appellate Division, and therefore the prior conditional orders dismissing the claims of these infant plaintiffs must be deemed denied, the condition not having been fulfilled. Accordingly, the motions by plaintiffs to restore their cases is granted. Since these cases were never on the calendar, they cannot be "restored to the calendar”, but are restored to the pretrial docket of this court.
Defendants have made a cross motion, evidently based on the premise that these infant actions might be reinstated by the court, to dismiss the actions unconditionally here on the ground (1) that these actions are barred by the Statute of Limitations in New York, (2) that plaintiffs’ suits here are premature since they had failed to appeal the Connecticut judgments and (3) that the Connecticut judgments are res judicata. Given the conditions imposed by the New York orders of dismissal, defendants had violated the conditions imposed not to raise the Statute of Limitations defense in Connecticut, and hence the New York actions were revived and restored by that very fact. Appealing the District Court judgments was not a burden which plaintiffs were obliged to shoulder, since whether there would ultimately have been an affirmance or reversal, the conditions for New York relinquishing jurisdiction had nevertheless been violated. Although the United States District Judge in Connecticut dismissed the actions of Jack, Stajano and Alberto Lopez as barred by the Connecticut Statute of Limitations, and the actions of Tchodjklian and Miguel Lopez as barred under the New York Statute of Limitations, because of defendants’ noncompliance with the orders of the New York courts they are estopped from asserting that either of these decisions stand as res judicata, and preclude restoration and revival of the actions in New York.
The question, then, which is now presented by the cross *923 motion, is whether the actions commenced by these once-infant plaintiffs originally in New York were timely. Justice Fraiman, whose order was affirmed, had denied unconditional dismissal as to those who had been infants at the time of the accident if their action was not barred by the tolling provisions of CPLR 208. CPLR 208 provides: "If a person entitled to commence an action is under a disability because of infancy * * * and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases * * * the time within which the action must be commenced shall be extended to three years after the disability ceases”.
The complaints of each of the plaintiffs in New York alleged negligence, breach of warranty and strict products liability. These personal injury actions are governed by a three-year Statute of Limitations. Hence, under the tolling provisions, each infant had three years after the termination of infancy within which to commence an action.
Defendants argue that the age of majority in New York is 18, so that each action had to have commenced within 3 years thereafter, and they did not. However, the age of majority is governed by the law of the domicile. (Matter of Sikes, 77 Misc 2d 63.) Under the law of Uruguay, where each of the plaintiffs was domiciled, their period of disability because of minority would continue until age 21. Given an additional three years, none of these plaintiffs were time barred at the controlling date fixed by Justice Fraiman. His order required defendants not to raise the Statute of Limitations "other than as such may have been applicable on the 23rd day of March, 1978, the date on which the first of the actions referred to was instituted.”
The arguments of the defendants that some other dates should control cannot be entertained. Justice Fraiman, although aware that various of the actions had been commenced at later dates, evidently considered all the actions arising out of the Uruguayan air crash as a unit, and thus fixed the date on which the first of these suits was brought as the effective date for Statute of Limitations purposes. He determined that irrespective of the actual date a complaint may have been served, any action not already time barred by March 23, 1978 was not to be further challenged. He held hearings on the Statute of Limitations issue, and despite arguments by defendants similar to those advanced here, refused to dismiss the infants’ actions. Defendants appealed, urging that "most, if *924 not all, of the so-called ’infant’ cases are time-barred as a matter of law.” The Appellate Division unanimously rejected this argument, and affirmed the order of Justice Fraiman. (82 AD2d 1021, appeal denied 55 NY2d 604, rearg denied 56 NY2d 646.)
Even the United States District Court Judge in Connecticut declared that he was "cognizant of the fact that the doctrine of collateral estoppel might require the use of the March date for statute of limitations purposes.” (Aparicio v Sikorsky Aircraft, US Dist Ct, Conn, Civ B-83-580, Jan. 29, 1987, at 5.) Nevertheless, applying the Connecticut Statute of Limitations with no tolling for infancy, he dismissed.
This court, however, with respect to the New York Statute of Limitations, is bound by the prior rulings of a previous Judge, as affirmed by the appellate courts. The fact that March 23, 1978 has been fixed as the effective date on which suit was commenced against the defendants is the law of the case.
Plaintiffs urge an additional basis for sustaining these causes of action as timely, namely that these actions are essentially maritime in nature and therefore should be governed by the maritime law, which bars actions not on the basis of Statute of Limitations, but for laches. Under those circumstances, if no prejudice is shown, rigid adherence to a fixed statutory period of limitation is not required. Federal cases, following the lead of the United States Supreme Court in Executive Jet Aviation v City of Cleveland (409 US 249), have held that where aircraft are used for a function which bears a relationship to traditional maritime activity, maritime law is invoked. Thus, helicopters which are used in place of boats for ferrying workmen are considered to come under admiralty jurisdiction. (Higgenbotham v Mobil Oil Corp., 357 F Supp 1164, affd 545 F2d 422, revd on other grounds 436 US 618; Ledoux v Petroleum Helicopters, 609 F2d 824; Barger v Petroleum Helicopters, 514 F Supp 1199; Holcombe v Era Helicopters, 618 F Supp 339; Comind, Companhia de Seguros v Sikorsky Aircraft Div., 116 FRD 397.) Plaintiff contends that the helicopters here involved were designed and built for naval purposes, had been used by the United States Navy, and then transferred to the naval forces of Uruguay. It is argued that these helicopters were used for the purpose of air-sea rescue, a traditional maritime activity, and hence are to be considered as analogous to "vessels.”
*925 While the plaintiffs who were injured here were neither passengers nor crew of the "vessel”, maritime jurisdiction may nevertheless extend to persons on the shore who are killed or injured by the operation of such vessels. The case is within maritime jurisdiction when the "vessel” is involved in a tort, "the impact of which is felt ashore at a time and place not remote from the wrongful act.” (Gutierrez v Waterman S. S. Corp., 373 US 206, 210; see also, Fajardo v Maersk Line Agency, 1989 AMC 1923 [child on beach killed by negligent operation of vessel].) Similarly, where spray painting was conducted on a barge which caused paint damage to land-based automobiles, the case was brought under maritime jurisdiction. (Nissan Motor Corp. v Maryland Shipbuilding & Drydock Co., 544 F Supp 1104, affd 742 F2d 1449.)
It is really not necessary for the court to make a determination at this time as to whether or not such maritime jurisdiction exists. Such a determination, and a determination as to whether or not there had been laches, would involve a factual determination requiring a closer scrutiny of the underlying situation. Such a determination need come only if the legal limitations in a nonmaritime case were found to have been .exceeded.
The court has determined that considered as traditional negligence, warranty and strict products liability actions, the claims of the infants were commenced in New York within the period prescribed by CPLR 208. Were this not so, questions of fact would exist with respect to plaintiffs’ contentions as to maritime jurisdiction which would preclude dismissal now as a matter of law.
Under the circumstances here presented, where the alternative forum suggested by defendants has closed its doors at defendants’ behest, and where defendants have failed to comply with the conditions of the prior dismissal, the motion of the plaintiffs to restore these matters to the docket of the court is granted and the cross motion to dismiss the complaints is denied.

 After hearings, Justice Fraiman held that the New York, rather than the Uruguayan Statute of Limitations would control, and while dismissing the adult claims, provided in his order that the dismissal "shall not apply to any of the actions referred to herein in which the plaintiff was an infant on [the date of the accident] if such action is not barred under New York law by reason of the tolling provision of CPLR 208.” This order was likewise affirmed by the Appellate Division (Cappellini v United Technology, 82 AD2d 1021), and leave to appeal denied by the Court of Appeals (55 NY2d 604, 56 NY2d 646).