■ JULIO CESAR et al., Respondents, v UNITED TECHNOLOGY OF NEW YORK et al., Appellants. (And Four Other Actions.)—Order, Supreme Court, New York County (Edward Greenfield, J.), entered March 1, 1990, which granted plaintiffs' motion to restore these personal injury actions to the court's calendar, and which denied defendants' cross-motion to dismiss on statute of limitations grounds, unanimously affirmed, without costs.

Seven personal injury actions were separately commenced on various dates by spectators injured in an air show helicopter crash. Plaintiffs successfully moved to restore these actions to the trial calendar in the Supreme Court following defendants' breach of a condition not to assert the statute of limitations defense outside New York, after a prior New York County action was dismissed on forum non conveniens grounds. *(Cappellini v United Technology, 79 AD2d 593.)*

Defendants now argue that it was improper for the court to designate March 23, 1978—the day on which the first of the summonses were served on defendants—as the date on which all summonses would be deemed served for statute of limitations purposes. We note that insofar as this determination was made in a prior order of the Supreme Court and not disturbed on appeal *(Cappellini v United Technology, supra)*, the deter-

mination constitutes the law of the case (see, 1 Carmody-Wait 2d, NY Prac § 2:64).

Defendants' further argument that determination of the age of majority for statute of limitations tolling purposes is governed by CPLR 105 (j) is, under the instant circumstances, without merit. That section defining infancy as terminating at 18 years must be read together with CPLR 105 (a): CPLR 105 definitions apply "[u]nless the context requires otherwise". This is such a case. Plaintiffs, who were infants at the time of the mishap, are domiciliaries of Uruguay, where the age of majority is 21 years of age. Insofar as the law of the domicile determines the age of majority (Matter of Sikes, 77 Misc 2d 63 [Sur Ct, Erie County, 1974]), it is plain from the record that each of these plaintiffs timely commenced their tort actions within 3 years of their 21st birthday. In light of the foregoing the issue of laches is rendered academic. Concur—Ellerin, J. P., Wallach, Asch and Kassal, JJ. [See, 148 Misc 2d 918.]