Dragons 516 Ltd. v Knights Genesis Inv. Ltd. (2023 NY Slip Op 50541(U))

[*1]

Dragons 516 Ltd. v Knights Genesis Inv. Ltd.

2023 NY Slip Op 50541(U)

Decided on June 5, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 5, 2023
Supreme Court, New York County

Dragons 516 Limited, Plaintiff,

against
Knights Genesis Investment Limited, Genesis Development Company LLC, Shanghai Municipal Investment (Group) Corporation (A/K/A Shanghai Chengtou Group Corporation), Shanghai SMI Assets Management (Group) Co., Ltd., SMI USA Group LLC (F/K/A Shanghai Municipal Investment (Group) USA LLC), SMI 138 E 50 ST LLC, Ceruzzi Holdings LLC, Ceruzzi Properties LLC, IC 50 Development LLC, 50 Lex Development LLC, Dunfei (William) Chen, Qianyi (Vincent) Xie, Jincheng (Jason) Yuan, Jia Ju (Tom) Tao, Feng (Kevin) Gao, Defendant.

Index No. 653187/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 120, 121, 128 were read on this motion for SUMMARY JUDGMENT (AFTER JOINDER).
The following e-filed documents, listed by NYSCEF document number (Motion 007) 138, 139, 140, 141, 142, 143, 144, 145, 147 were read on this motion for DISMISSAL.
Motions sequence numbers 006 and 007 are consolidated for disposition.
Plaintiff Dragons 516 Limited ("Dragons") brings claims sounding in fraud and conversion against numerous defendants alleged to have participated in a scheme to induce it to provide a $30 million loan in connection with a real estate project located in New York, New York, which funds were never used in connection with the project. Defendant Genesis Development Company LLC ("GDC") now moves (in motion seq. no. 006) for summary judgment dismissing the complaint, pursuant to CPLR 3212 and Limited Liability Company Law ("LLCL") § 808. In addition, defendants Shanghai Municipal Investment (Group) Corporation (a/k/a Shanghai Chengtou Group Corporation) ("SMI") and Shanghai SMI Assets Management (Group) Co., Ltd. ("SMI Assets") move (in motion seq. no. 007) to dismiss the complaint as against them, pursuant to CPLR 3211 (a) (1), (4), (5) and (8).
The underlying facts and the procedural history of this case were stated in detail in the decision and order of this court, dated January 6, 2023 (the "Decision"), which resolved motion sequence numbers 002, 003 and 012. The court, therefore, presumes the parties' familiarity with the facts and provides only a brief recitation of the facts and procedural history relevant to the [*2]instant motions. Defined terms in the Decision shall have the same meaning when used herein.
By email dated June 3, 2021, John Lonuzzi, of Lonuzzi & Woodlansd, LLP, reached out to plaintiff's counsel to request an extension of time to respond to the complaint while he determined which of the SMI-related defendants he would be representing. By email dated June 11, 2021, Mr. Lonuzzi "confirmed that [he would] be representing all of the SMI defendants." Plaintiff's counsel responded by listing each defendant, including SMI and SMI Assets, and inquiring if these were the defendants he represented, to which Mr. Lonuzzi replied, "Yes." (NYSCEF doc no. 144.)
By stipulation dated July 26, 2021, Mr. Lonuzzi, as "counsel for Defendants Shanghai Municipal Investment (Group) Corporation (a/k/a Shanghai Chengtou Group Corporation), Shanghai SMI Assets Management (Group) Co., Ltd.," as well as the other SMI defendants, "acknowledge[d] or accept[ed] service of the Summons with Complaint and Notice of Commencement on behalf of those clients and confirm[ed] that he [was] duly authorized by those clients to do so" and agreed that defendants would have until August 5, 2021 to respond to the complaint (NYSCEF doc no. 31). On August 5, 2021, Mr. Lonuzzi entered into another stipulation, extending the defendants' time to respond to the complaint to August 12, 2021 (NYSCEF doc no. 43). By notice of motion dated August 12, 2021, Mr. Lonuzzi made a pre-answer motion to dismiss the complaint (motion seq. no. 002) on behalf of SMI and SMI Assets, as well as the other SMI defendants in this action. He did not raise lack of personal jurisdiction as a ground for dismissal. (NYSCEF doc no. 44.)
On November 28, 2021, Adam Pollock, of Pollock Cohen LLP, filed a notice of limited appearance on behalf of SMI and SMI Assets, moving to dismiss the complaint for, among other things, lack of personal jurisdiction (NYSCEF doc no. 140, motion seq. no. 007). On December 15, 2021, prior to motion sequence number 002 being fully submitted, Mr. Lonuzzi withdrew that motion with respect to SMI and SMI Assets. The notice of partial withdrawal did not provide an explanation, but, for the first time, Mr. Lonuzzi's signature block did not include SMI and SMI Assets among the defendants he represented. (See NYSCEF doc no. 146.)
The Decision largely denied the SMI defendants' motion to dismiss, except with respect to Kevin Gao, an officer of SMI-USA.
GDC's Motion for Summary Judgment
GDC contends that Dragons' claims are barred by LLCL § 808, because Dragons is a foreign limited liability company doing business in this state without having received a certificate of authority to do so. Dragons responds that, as an incorporated entity (a special purpose vehicle incorporated in the Cayman Islands), it is not subject to Limited Liability Company Law. Additionally, it argues that, as it does not maintain any business operations, offices, or employees in New York, it is not engaged in systemic and regular activities within New York, such that it can be said to be doing business here.
In reply, GDC concedes that it was mistaken in seeking dismissal under LLCL § 808 but argues that it is entitled to relief under the analogous Business Corporation Law ("BCL") § 1312. It contends that it is entitled to summary judgment under BCL § 1312, because: (1) Dragons is a special purpose vehicle that was created solely to pursue the transaction at the heart of this litigation and, as such, all of Dragons' business activity consists of the transaction in New York; (2) under Cayman Island law, Dragons must carry out most of its business outside of the Cayman Islands and, as such, Dragons cannot benefit from the presumption that it is doing business in the jurisdiction of its incorporation; and (3) to permit Dragon to avoid the registration [*3]requirement of the BCL, would permit foreign corporations to circumvent the requirement by simply creating a special purpose vehicle for every transaction.
GDC's arguments in reply on the instant motion were incorporated by refence by the SMI defendants in motion sequence number 002 (see NYSCEF doc no. 136 at 14). As such, the court has previously considered these arguments and, as the Decision makes clear, rejected them (see NYSCEF doc no. 220, Decision at 15-18). This court's previous determination—that the single transaction underlying this litigation does not constitute "'doing business' within the meaning of [BCL § 1312]" (id. at 17)—is, therefore, the law of the case and will not be disturbed (see Cesar v United Tech. of NY, 173 AD2d 394, 394-395 [1st Dept 1991]).
Accordingly, GDC's motion for summary judgment is denied.

 SMI and SMI Assets' Motion to Dismiss
SMI and SMI Assets argue that they are entitled to dismissal, because they are based in China and the complaint does not allege any grounds for asserting personal jurisdiction over them. They argue that the complaint merely alleges parent-subsidiary relationships among SMI, SMI Assets and SMI-USA, which, without more, do not create personal jurisdiction over the parent entities. In addition, they argue that the fraud claim must be dismissed as lacking in particularity and the conversion claims must be dismissed as untimely and for failure to state a claim. Lastly, they contend that the Contract Action Decision already determined that the fraud and conversion claims are duplicative of the breach of contract claim in the Contract Action and that Dragons is barred from relitigating the issue under res judicata and collateral estoppel.
Dragons responds that the motion should be denied as untimely under the August 5, 2021 stipulation, which required parties to respond to the complaint by August 12, 2021 (NYSCEF doc no. 43). It also argues that, because SMI and SMI Assets were among the defendants who moved to dismiss in motion sequence number 002, the single motion rule bars the instant motion. In addition, Dragons contends that, because SMI and SMI Assets failed to raise personal jurisdiction in the prior motion to dismiss, they waived the defense. Tellingly, it argues, SMI and SMI Assets do not submit any evidence contradicting Mr. Lonuzzi's numerous representations to this court that he was authorized to act on their behalf. In any event, Dragons contends, the jurisdictional defense has no merit, because the complaint sufficiently alleges that the SMI and SMI Assets were alter egos of SMI-USA, which is subject to personal jurisdiction, or, at the very least, the complaint makes a sufficient start of demonstrating that jurisdiction may exist to warrant grant of jurisdictional discovery. As concerns defendants' remaining arguments, Dragons contends that they simply restate the arguments made by the SMI defendants in motion sequence number 002 and that they fail for the reasons Dragons laid out in opposition to that motion.
In reply, SMI and SMI Assets contend that this motion does not violate the single motion rule and that they never waived the jurisdictional defense, because the prior motion to dismiss on their behalf was withdrawn and, more importantly, because Mr. Lonuzzi did not represent them. They argue that Dragons can point to nothing in their conduct that would have clothed Mr. Lonuzzi in apparent authority. They also argue that the motion is timely, because Mr. Lonuzzi was not authorized to enter into stipulations on their behalf and they moved to dismiss within 30 days of receiving service on October 28, 2021 under the Hague Convention.
The instant motion does not violate the single motion rule (CPLR 3211 [e]). Mr. Lonuzzi withdrew the prior motion to dismiss with regard to SMI and SMI Assets and, once a pre-answer motion is withdrawn, CPLR 3211 (e) contains no prohibition against the same party [*4]subsequently moving for the same relief (Klein v Gutman, 12 AD3d 417, 418 [2d Dept 2004]; see also Greenfield v Philles Records, 160 AD2d 458, 459 [1st Dept 1990] [finding that a second motion to dismiss was properly denied pursuant to CPLR 3211 (e), where, among other things, the first "motion was never formally or informally withdrawn"]).
Nonetheless, there is a question as to whether the motion was timely pursuant to the August 5, 2021 stipulation. "Stipulations . . . are favored by the courts and not lightly cast aside. . . . Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident, will a party be relieved from the consequences of a stipulation made during litigation" (Hallock v State of New York, 64 NY2d 224, 230 [1984] [internal citations omitted]; see McCoy v Feinman, 99 NY2d 295, 302 [2002]). "The courts therefore have vacated stipulations when the stipulating attorney lacked both actual and apparent authority . . . ." (Morrison v Budget Rent A Car Sys., 230 AD2d 253, 256 [2d Dept 1997] [internal citation omitted]).
Here, there is no evidence of apparent authority, as Mr. Lonuzzi was the sole source of all representations. "[T]he existence of apparent authority depends upon a factual showing that the third party relied upon the misrepresentation of the agent because of some misleading conduct on the part of the principal—not the agent" (Indosuez Intl. Fin. B.V. v National Reserve Bank, 98 NY2d 238, 245-246 [2002] [internal quotation marks and citation omitted]; see Skyline Agency v Coppotelli, Inc., 117 AD2d 135, 148 [2d Dept 1986 ] [explaining that a defendant was not bound by the acts of his purported attorney, where the defendant did nothing to create the appearance that the attorney was authorized to act on his behalf]).
However, there is reason to believe that Mr. Lonuzzi may have had actual authority. After all, he specifically took time to inquire into which entities and individuals he was to represent and then repeatedly and unequivocally represented that he represented SMI and SMI Assets. Defendants' conclusory statements, in their reply brief, that Mr. Lonuzzi did not represent them (see NYSCEF doc no. 4, reply brief at 4, 5) and that his actions in this case were "[b]ased on [a] misunderstanding" (id. at 2), are insufficient to resolve the question of authority (cf George v Trautman, 2003 NY Slip Op 50630[U], *3 [App Term, 1st Dept 2003] [finding that the "(a)ppellant's conclusory assertion, ten years into the action, that there was an unauthorized appearance on his behalf by the attorney in question (was) insufficient to require vacatur of the judgment. . ."]).
As such, before the court can reach the merits of the instant motion to dismiss, it is first necessary to resolve the question of whether SMI and/or SMI Assets authorized Mr. Lonuzzi to appear for them, which requires a hearing. "A full inquiry into all the circumstances surrounding the alleged inadvertent appearance may thus be had" (Amusement Sec. Corp. v. Academy Pictures Distrib. Corp., 251 App Div 227, 230 [1st Dept 1937]; see George v Trautman, 2003 NY Slip Op 50630[U], *5 [McCooe, J., dissenting] [finding that "(a) hearing should (have) be(en) directed on the issue whether the appearance was authorized"]).
Accordingly, it is hereby
ORDERED that defendant Genesis Development Company LLC's motion for summary judgment (motion seq. no. 006) is denied; and it is further
ORDERED that counsel are directed to appear for a status conference at 60 Centre Street, Part 43, Room 222, on June 23, 2023, at 11:00 a.m. At the time of the conference, a hearing will be held on the basis of Mr. Lonuzzi's belief that he was authorized to act on behalf of all the SMI defendants, including defendants SMI and SMI Assets; and it is further
ORDERED that defendants Shanghai Municipal Investment (Group) Corporation (a/k/a Shanghai Chengtou Group Corporation) and Shanghai SMI Assets Management (Group) Co., Ltd.'s motion to dismiss (motion seq. no. 007) is held in abeyance pending hearing and determination of Mr. Lonuzzi's authority to act on their behalf.
Dated: June 5, 2023
Robert R. Reed, J.S.C.