Frank Del Vecchio, J.
This is a motion by plaintiffs for an order to vacate and set aside an order in each of the above-entitled cases which this court granted ex parte on June 12, 1959 for security for costs.
It is undisputed that the plaintiff in each case is a nonresident of the State of New York; however they contend that the orders should be vacated because they received no notice of the application for said orders and that, as a matter of discretion, they should not be required to give security for costs.
The actions were brought to recover damages for wrongful death of plaintiffs’ intestates by reason of the negligence of defendant. It appears from the complaints that each intestate was a student at defendant University at the time of death and was survived by only one or both parents. It does not appear that any estate or property of any kind is within our jurisdiction from which costs could be collected by defendant.
It is clear that if these plaintiffs are nonresidents section 1522 of the Civil Practice Act is applicable and the ex parte orders were properly granted as a matter of right. On the other hand, if they are not nonresidents section 1523 is applicable and the granting of such orders would rest in the discretion of the court after due notice of application to the plaintiffs.
This court is of the opinion that a nonresident administrator is a plaintiff residing without the State and comes directly within section 1522. Section 1533 does not limit the effect of section 1522 but serves only to give the court discretionary power to require security for costs in the case of the representatives specified when they do not come within section 1522. (Maresca, v. Prudential Ins. Co., 255 App. Div. 865; Gilbert v. 503-507 West 177th St. Corp., 186 Misc. 78; Parker v. City of New York, 100 N. Y. S. 2d 17.) The ex parte orders were therefore properly granted.
Furthermore, if this court had before it applications made on notice requesting an exercise of discretion in favor of defendant, under the circumstances hereinbefore stated, it would require plaintiffs to give security for costs. (Pursley v. Rodgers, 44 App. Div. 139.)
Accordingly, the motions to vacate the orders for security for costs are denied.
Prepare orders.