OPINION OF THE COURT
Jerome B. Fleischman, J.
Defendant has moved to dismiss this personal injury action for failure of plaintiff to file the original summons and complaint and for failure to respond to defendant’s demand for bill of particulars, medical reports and authorizations, and notice for discovery and inspection.
The summons and formal complaint were served more than three years ago on January 31, 1985. Plaintiff never filed the originals and proof of service thereof with the court. Defendant served the answer and demands for discovery on March 21, 1985. Likewise, it appears that the originals and proof of service were never filed with the court. On October 3, 1985, defendant made a motion to preclude for failure to serve a bill of particulars. Filing of the motion papers was refused by the Clerk of the Court because no one had purchased an index number.
Nowhere is it required by statute, rule or otherwise, that *348 the summons and complaint be filed within any specifier period of time. UCCA 409 (a) provides that the law in the Supreme Court will be applicable unless the rules of the City Court provide otherwise. The only filing requisite in the City Court rules is Uniform Rules for Trial Courts (22 NYCRR) § 210.4 which provides that the party causing the first paper to be filed must obtain an index number. Uniform Rules for Trial Courts (22 NYCRR) §202.5, which applies to Supreme and County Court practice, provides for the same as Uniform Rules for Trial Courts (22 NYCRR) § 210.4.
While there are no reported cases on this point, it is interesting to note that, by way of contrast, CCA 409 (a) requires that the summons with proof of service be filed with the Clerk of the Court within 14 days after service, and UDCA 409 (a) requires such filing within 20 days after service. It is clear that, by comparison, if the Legislature had intended to require the filing of a City Court summons as a jurisdictional prerequisite it would have so stated, as it did for the Civil and District Courts. Therefore, that part of defendant’s motion which seeks a dismissal for lack of jurisdiction is denied.
That part of the motion which seeks a dismissal for failure of plaintiff to respond to defendant’s discovery demands is granted unless the plaintiff does so within 30 days after service of a copy of this order upon plaintiff’s attorney with notice of entry.