OPINION OF THE COURT
William H. Keniry, J.
Defendant Arrascue’s motion for an order directing that *447 plaintiffs reimburse defendant the sum of $170 representing the cost incurred to secure an index number in this action is denied without costs.
In this recently commenced medical malpractice action, defendant Arrascue served a notice of motion on or about February 19, 1992 seeking an order of preclusion based upon plaintiffs’ alleged failure to serve a verified bill of particulars in response to defendant’s demand therefor and to comply with defendant’s so-called combined discovery demand. Plaintiffs thereafter served a verified bill of particulars and complied with the discovery demand. Defendant Arrascue, in a letter to the court, withdrew his motion except to the extent that the motion seeks reimbursement from plaintiffs for the cost of obtaining an index number.
CPLR 306-a requires a plaintiff to file a copy of the summons with proof of service with the clerk of the county in which the action is brought within 30 days after service is complete.* In order to file the summons, an index number must be obtained which requires the payment of a fee of $170 (see, CPLR 8018 [a]). In this case plaintiffs apparently did not comply with section 306-a. In order to file a request for judicial intervention and cause the case to be assigned to a Judge so that its motion could be made, defendant was required to obtain an index number and thus pay the required fee.
The court finds no authority to issue an order compelling plaintiffs to reimburse defendant for the cost of obtaining the index number. Defendant Arrascue elected to make a motion thereby triggering the need for an index number. Defendant Arrascue is not without some possible recourse. In the event that defendant Arrascue becomes entitled to recover costs in this action under CPLR 8101, he wdll be entitled to recover taxable disbursements including the cost of obtaining the index number.

 Section 306-a has been amended, effective July 1, 1992, to require that the summons in an action to be commenced in the Supreme or County Court be filed with the clerk of the county in which the action is brought prior to its service, thus mandating that an index number be purchased before commencement (L 1992, ch 55, § 394). Section 306-a as amended provides that the service of a summons which does not bear an index number shall be deemed a nullity.