OPINION OF THE COURT
David Friedman, J.
This action was commenced on March 30, 1985 with issue being joined by service of an answer on February 12, 1987. Contemporaneously with service of the answer defendant served a demand for a verified bill of particulars. Plaintiff never responded to the demand.
Defendant desired to move for preclusion based upon the nonresponse. Section 208.4 of the Uniform Rules for Trial Courts (22 NYCRR 208.4) provides in pertinent part, "The *353 party causing the first paper to be filed shall obtain an index number and communicate it forthwith to all other parties to the action.” Therefore, in order for defendant to file her motion to preclude with the court she needed an index number. After inquiry she determined that none had ever been obtained for this action as a result of which she purchased one herself.
Having purchased the index number defendant brought the instant motion seeking an order precluding plaintiff for failure to serve a bill of particulars and directing plaintiff to reimburse defendant for the cost of the index number. It is the latter issue which is addressed herein. In seeking reimbursement defendant points to CPLR 306-a.
Defendant’s reliance upon section 306-a is misplaced. Section 306-a was enacted in 1991 (L 1991, ch 166, § 381) then repealed and reenacted in different form in 1992 (L 1992, ch 216, § 6). In all formats of the statute it unequivocally states that it applies to actions commenced in Supreme or County Court. Therefore, section 306-a which certainly contemplates that plaintiff rather than defendant pay for an index number has no application to the Civil Court.
The statutes which have application to defendant’s request for reimbursement are found in CCA 409 and 411. Section 409 (a) (1) requires that for actions pending in this court, "A copy of the summons with proof of service shall be filed with the clerk of the court in the county in which the action is brought * * * within fourteen days after service.” Obviously pursuant to rule 208.4 (22 NYCRR 208.4) such filing would require a plaintiff to purchase an index number. Section 411 provides that if the summons has not been filed within the time prescribed by section 409, the court may order the filing thereof nunc pro tunc in which case the time within which the defendant must answer commences de novo and runs from the service upon him of a copy of the nunc pro tunc order with notice of entry.
Examination of sections 409 and 411 shows that there is a certain anomaly and perhaps even basis for confusion in applicable procedures for Civil Court actions on the one hand and the newly enacted procedures for Supreme and County Court actions on the other (L 1992, ch 216, § 6).
Prior to the enactment of chapter 216 of the Laws of 1992 Supreme and County Court actions were commenced by service of a summons (CPLR former 304). Pursuant to chapter 216 actions are now commenced in those courts by filing the summons with the clerk of the court. For the Civil Court, *354 however, actions continue to be commenced by service of a summons while at the same time there is a mandatory filing requirement with the clerk of the court (CCA 409, 411). Considered otherwise, Supreme, County and Civil Courts all have a requirement of filing with the court and serving the summons. In Supreme and County Courts the key factor has become the filing of the summons. In Civil Court it has been and is the service of the summons. In fact while chapter 216 has not altered Civil Court practice, as a practical matter such practice actually reflects a distinctive combination of elements of new and old procedures in Supreme and County Courts. The new procedures in Supreme and County Courts are unequivocal in permitting a defendant to purchase an index number and seek immediate reimbursement (CPLR 306-a [b]). Comparative analysis of CCA 409 and 411 with CPLR 306-a shows no sanction of a procedure whereby a Civil Court defendant purchases an index number and then seeks immediate reimbursement from the plaintiff. Furthermore, as already indicated, chapter 216, i.e., CPLR 306-a is clear in stating that it applies to Supreme and County Courts without mention of the Civil Court (cf., CCA 400). The foregoing all points to a denial of defendant’s reimbursement request.
The difficulty that remains with this conclusion is that this motion is unopposed which could support a decision to award the requested relief. Nevertheless, in the absence of some statutory basis prescribing the reimbursement sought and in view of the fact that where the Legislature intended this sort of remedy it enacted a statute (CPLR 306-a) which explicitly so provides I conclude that the relief sought is impermissible.*
Accordingly, insofar as defendant seeks reimbursement the motion is denied although if she ultimately prevails she may recover the index number fee involved as a necessary disbursement pursuant to CCA 1908 (a) (cf., Perretta v Honeyland Pharmacy, 154 Misc 2d 446; Lopena v City of Long Beach, 141 Misc 2d 347; Siegel, NY Prac, op. cit.).
Regarding the balance of the motion, which seeks preclusion, there being no opposition it is granted unless plaintiff serves a bill of particulars within 20 days of service upon him of an order to be settled hereon with notice of entry.

 There may be a basis for ordering reimbursement if plaintiff’s conduct was regarded as frivolous. However, such a finding would require a demand by defendant of plaintiff to file the summons and obtain an index number. At bar there is no indication of such a demand (Siegel, NY Prac § 77, at 6 [2d ed 1992 Supp]).