OPINION OF THE COURT
Joan B. Lefkowitz, J.
Plaintiff commenced its action on August 14, 1992. Defendant defaulted. Plaintiff wishes to enter judgment but failed to file the summons with proof of service. Plaintiff moves for a nunc pro tune order of filing. Plaintiff did purchase an index number in 1992.
*337 The question presented by this ex parte application is whether the court has authority to issue a nunc pro tune order of filing where the action was commenced during the service-filing transitional period of July 1, 1992 to December 31, 1992, with the fee for an index number having been paid in 1992.
Prior to 1991, except in a few selected cases, the filing of a summons in State court actions was optional, not mandatory. (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306-a:l, 1993 Pocket Part, at 43.) Pursuant to CPLR 306-a (a), as enacted in 1991 (L 1991, ch 166, § 381), a copy of the summons had to be filed within 30 days after service was complete. The court was expressly granted power in subdivision (c) to issue a nunc pro tune order when timely filing had not been made, as the new legislation was designed to collect a fee for the purchase of an index number and no penalty was to be imposed for a late filing after the clerk received the fee. (1 Weinstein-Korn-Miller, NY Civ Prac If 306-a.01; Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 306-a, 1993 Pocket Part, at 41; Arkin, New York’s New Commencement By Filing Law §3 [1992 Pamph]; Siegel, NY St L Dig, No. 390, June 1992.)
In March 1992, CPLR 306-a was amended (L 1992, ch 55, § 394) to require that service of summons bear an index number or such service is deemed a nullity and, further, to delete the power to grant nunc pro tune orders as previously authorized in subdivision (c). These harsh provisions were repealed by new legislation effective July 1, 1992 (L 1992, ch 216, §27) to provide for payment of a fee on filing the summons and complaint (CPLR 306-a), which filing was required to commence the action (CPLR 304) and that proof of service was to be filed within 120 days of the filing (CPLR 306-b [a]). CPLR 306-b (a) also provided that if "proof of service is not filed and there has been no appearance by the defendant within the time provided in this section for filing proof of service, the action * * * shall be deemed dismissed * * * without prejudice”.
Literally read, CPLR 306-b (a) seems to require that the court dismiss the complaint as the section applies to actions commenced on and after July 1, 1992 (L 1992, ch 216, §27). However, the effective date language in the statute (§27) provides:
*338 "(a) Until January 1, 1993, an action shall be deemed to be validly commenced and a claim contained in a complaint shall be deemed to be interposed against the defendant or co-defendont united in interest if such action is commenced as provided in this act or if such action is commenced in accordance with the law including section 306-a of the civil practice law and rules as added by chapter 166 of the laws of 1991 in effect immediately prior to the enactment of this act; and
"(b) Every action, including third-party action under section 1007 or every successive third party action, under rule 1011 of the civil practice law and rules, commenced on or after July 1, 1992, wherein the fee required has not been paid by December 31, 1992, shall be deemed dismissed without prejudice.”
By reason of the above language and the legislative history of the service provisions Professor Siegel has concluded that the new statutory scheme permits the following: (1) actions commenced prior to July 1, 1992 are covered by the 1991 version of CPLR 306-a and the filing can be granted nunc pro tune on payment of the fee at any time; and (2) as to actions commenced between July 1, 1992 and December 31, 1992, failure to pay the fee in 1992 requires dismissal without prejudice. (Siegel, Imminent New Filing System Threatens Viability of Civil Lawsuits, NYLJ, Dec. 28, 1992, at 1, col 1; Siegel, NY St L Dig, No. 391, July 1992, n 22; see, Arkin, op. cit., § 14.) As to such transition cases in the latter circumstance, the Statute of Limitations may still present a problem. (Siegel, NY St L Dig, No. 391, July 1992, n 22.)
Prior to enactment of the service by filing requirements, the general rule regarding late filing on service questions was to permit the filing nunc pro tune as a ministerial, not jurisdictional, act. (Matter of Foley, 140 AD2d 892 [3d Dept 1988]; McCormack v Gomez, 137 AD2d 504 [2d Dept 1988]; Michaud v Lussier, 6 AD2d 746 [3d Dept 1958], affd 7 NY2d 934 [I960]; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 308.16, at 3-232.36 [1] —3-232.39; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 308, at 311.)
A similar rationale should apply at bar since the act of filing is ministerial and the fee was paid in 1992, meeting the implicit effective date requirements of section 27 quoted supra. No useful purpose would be served by dismissal without *339 prejudice and probable recommencement of the action.* Consequently, the court holds that as to actions commenced prior to January 1, 1993, CPLR former 306-a (c) as enacted in 1991 remains applicable and, as to actions commenced in the period July 1, 1992 through December 31, 1992, where the fee was paid in 1992 a nunc pro tune order permitting late filing is authorized.
Accordingly, the motion is granted.

 The court cannot tell from the complaint whether the Statute of Limitations would be a problem. The action is for money had and received or unjust enrichment, governed by the six-year Statute of Limitations (CPLR 213 [1]; City of New York v New York Tel. Co., 108 AD2d 372, 376 [1st Dept 1985], appeal dismissed 65 NY2d 1052 [1985]). The complaint does not reveal the date of the underlying transaction.