OPINION OF THE COURT
Joan B. Lefkowitz, J.
Maier Slutzky died in 1984, a resident of Rockland County. His last will was admitted to probate in 1985 in the Surrogate’s Court, Rockland County, and plaintiff Rachel Slutzky was then appointed as executrix of the testator’s estate. The other three plaintiffs, with Rachel Slutzky individually, are all of the beneficiaries under Maier Slutzky’s will. All plaintiffs are nonresidents of the State of New York. Three plaintiffs live in Florida and one resides in New Jersey.
At the time of his death, the testator owned legal and beneficial interests in three of the defendant corporations (Aron Estates Corp., Ilan Estates, Inc. and W.S.F. Realty Corp.).[1] Plaintiffs allege that the individual defendants were officers, directors and shareholders of those corporations. It is further claimed that defendant Millstein acted as an accountant for some of the corporations and defendant Reback acted as their attorney. Plaintiffs claim that Rachel Slutzky was falsely induced to transfer the decedent’s shares of stock in the subject corporations to the individual defendants for little or no consideration when, in fact, the corporations had valuable assets and the shares were worth a substantial amount.
Depending upon the date of service herein on the various defendants, plaintiffs instituted this action at diverse times commencing in July 1992 and terminating with service in January 1993. The complaint contains four causes of action, each alleging $10,000,000 in damages for fraud, breach of fiduciary duties, conspiracy and unjust enrichment. All defendants have answered, essentially denying the allegations and asserting various affirmative defenses and cross claims.[2] *751 Where appropriate, lack of jurisdiction was pleaded as an affirmative defense as was the Statute of Limitations.
On January 5, 1993 the court conducted a preliminary conference and a consent order on discovery was made. That order provided, inter alla, that plaintiffs were to deliver copies of affidavits of service to defendants by February 1, 1993 and that "By Feb. 19, 1993 defendants shall move to dismiss for lack of jurisdiction or that defense is deemed waived.”
Defendants International Royal Syndicate, Inc., Eliahu and Tomer Slutzky by timely motion have moved to dismiss the complaint as to Eliahu Slutzky for lack of jurisdiction by reason of improper service, to require plaintiffs to post security for costs (CPLR 8501) and to strike items 10 to 14 of plaintiffs’ discovery notice of December 30, 1992. The preliminary conference order extended the time to move to strike the discovery notice.
Defendants Aron Estates Corp., W.S.F. Realty Corp., Lichtenfeld and Reback by timely cross motion request dismissal of the complaint as to defendant Reback for lack of jurisdiction by reason of improper service, that plaintiffs post security for costs and that items 1 to 8 and 10 to 14 of plaintiffs’ notice for discovery, dated December 30, 1992, be stricken.
Defendant Millstein, by cross motion dated March 18, 1993, requests dismissal of the complaint for lack of jurisdiction based on improper service and failure to set forth the index number on the summons.
JURISDICTION
Insofar as Eliahu Slutzky is concerned the information in support of his application has been supplied by his attorney and his son, Tomer Slutzky. They claim that service was made by delivery of a summons with notice on June 6, 1992 by leaving it with defendant Lichtenfeld at a residence the process server believed to be Eliahu Slutzky’s actual residence as stated in the affidavit of service. Movant Slutzky claims that is not his residence and plaintiffs failed to use due diligence in effecting service. Plaintiffs correctly point out that service under CPLR 308 (2), as used here by serving someone of suitable age, does not require due diligence in the number of attempts at service. (Siegel, NY Prac §§72, 74 [2d ed].) However, it is clear that the cited statute requires that the service be made at the "dwelling place or usual place of abode of the person to be served”. Failure to do so is fatal. (Me *752 Laughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:2, at 303-306.) Nonetheless, absent an excuse for the failure of Eliahu Slutzky to make his own affidavit on the question of his residence, the proper defendant has not placed service in question by appropriate proof and a hearing is not required. (Skyline Agency v Ambrose Coppotelli, Inc., 117 AD2d 135, 139 [2d Dept 1986] [only where sworn denial of service is made "by the defendant” is a hearing required]; see, Frankel v Schilling, 149 AD2d 657 [2d Dept 1989].)
As to defendant Reback, the affidavit of service shows that a summons and complaint was served on him by personal service on January 19, 1993. Defendant Reback by his own affidavit denies that he was served by the process server. He claims that another person with whom he shares office space was the recipient and was not authorized by Mr. Reback to receive service on his behalf. These conflicting averments require a traverse hearing. (Skyline Agency v Ambrose Coppotelli, Inc., 117 AD2d 135, supra.)
Insofar as defendant Millstein is concerned, certain procedural issues must be addressed before reaching the issue of jurisdiction. Plaintiffs contend that Millstein’s cross motion is improper because a party cannot cross-move against a party that has not made a motion. That is true. (Mango v Long Is. Jewish-Hillside Med. Ctr., 123 AD2d 843 [2d Dept 1986].) However, there is no prejudice herein and the court envisioned hearing all jurisdictional motions at one time, so this technical irregularity of seeking affirmative relief against a nonmoving party will be disregarded where, as here, plaintiffs have had ample opportunity to be heard on the merits of the relief sought. (CPLR 2001.) Indeed, plaintiffs have not objected to the cross motion of defendants Aron Estates Corp., W.S.F. Realty Corp., Lichtenfeld and Reback on this technical ground.
Plaintiffs also urge that Millstein’s motion is not timely within the meaning of the preliminary conference order. Pursuant to that order Millstein should have moved by February 19, 1993 to dismiss the complaint for lack of jurisdiction. Instead the cross motion was made by personal service on plaintiffs’ counsel on March 18, 1993, returnable on March 26, 1993, at the same time as the other motions. Millstein’s counsel observes that he did not proceed with the jurisdictional motion because he intended to move for summary judgment on receipt of certain documents plaintiffs’ attorneys *753 were to provide by February 1, 1993, pursuant to the preliminary conference order, but failed to deliver those documents. While that explanation does not necessarily excuse Millstein’s tardiness herein, no prejudice has occurred and the court will extend the time for him to make the motion and consider it made timely. (CPLR 2004.)
The process server’s affidavit of service indicates that on July 15, 1992 a copy of the summons with notice was served on "Alan Millstein/Brother” at defendant Morton Millstein’s place of business and a copy was mailed to the address where Alan Millstein was served, marked "Personal and Confidential”. The affidavit was filed with the County Clerk in due course.
Defendant Morton Millstein states that Alan is his son, not his brother, a matter of no moment to the jurisdictional issue, and that his current business location is different from the one set forth in the process server’s affidavit (as that location was a former one) and that he has conferred with his staff and determined that no other service of the summons was ever received.
Absent a factual challenge to a properly executed affidavit of service, the presumption of proper mailing becomes conclusive. (Engel v Lichterman, 62 NY2d 943 [1984].) Additionally, an improperly executed affidavit of service is frequently disregarded as a mere irregularity. (Mrwik v Mrwik, 49 AD2d 750 [2d Dept 1975].) At bar, the denial of receipt of the mailed process is sufficient to overcome the presumption that the process was properly mailed. (Adames v New York City Tr. Auth., 126 AD2d 462 [1st Dept 1987].) The fact that defendant Millstein received notice of the action and is not in default does not cure the jurisdictional defect if one exists. (Macchia v Russo, 67 NY2d 592 [1986]; Laurence v Hillcrest Gen. Hosp., 119 AD2d 808 [2d Dept 1986].) Service under CPLR 308 (2) is two pronged: delivery and mailing. "One service without the other is void — and this without regard to whether the defendant receives actual notice of the summons.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:2, at 302; 1 Weinstein-Korn-Miller, NY Civ Prac ][ 308.13a.)
It is also noteworthy that the affidavit of service, which refers to service by mail directed to defendant Millstein’s business address, does not state if the mailing was sent first class as required by CPLR 308 (2). If the mailing was not by *754 first class, that is a defect which is fatal. (James v Brandt, 144 Misc 2d 190 [Sup Ct, Bronx County 1989]; see, Lennies Broomes-Simon v Klebanow, 160 AD2d 973 [2d Dept 1990].)
At the hearing to be held hereon the court will determine credibility and whether or not proper service was made. (Public Adm’r v Markowitz, 163 AD2d 100 [1st Dept 1990].)
Defendant Millstein also claims that since the summons served did not contain an index number, it was a nullity. Defendant Millstein apparently relies upon CPLR former 306-a as amended in 1992 (L 1992, ch 55, § 394). That amendment, insofar as relevant here, added a sentence that read "Service of a summons which does not bear an assigned index number shall be deemed a nullity.” However, that section was repealed effective July 1, 1992 (L 1992, ch 216, § 27). Under the new filing and service scheme after December 31, 1992, the summons served must bear the index number (CPLR 305 [a]). Whether the failure to set forth the index number on the summons served would render service a nullity (Siegel, NY St Dig No. 390, June 1992, item 1, at 2) is not properly before the court because the subject service occurred during the transitional phase of July 1, 1992-December 31, 1992, where the plaintiffs could serve the summons without an index number indicated thereon. (Cf., Metropolitan Prop. & Cas. Ins. Co. v Roosevelt, 154 Misc 2d 336 [Sup Ct, Rockland County 1993]; see also, Norstar Bank v Wittbrodt, 154 Misc 2d 260 [Sup Ct, Albany County 1993].) Consequently, the absence of an index number on the summons served on Millstein does not vitiate service, if service was otherwise proper.[3] (See also, Yeger v Yeger, NYLJ, Apr. 2, 1993, at 33, col 1 [Sup Ct, Kings County] [not fatal to fail to indicate filing date on summons served in 1993].)
SECURITY FOR COSTS
CPLR 8501 (a) requires plaintiffs to post security for costs where none of them is "a resident of the state” when the *755 motion for security is made. CPLR 8501 (b) permits the court to exercise its discretion in determining whether to require security for costs where, inter alla, the plaintiff is an executor or administrator.
Movants International Royal Syndicate, Inc., Eliahu Slutzky and Tomer Slutzky argue that plaintiffs are mandatorily required to post security under CPLR 8501 (a) or, alternatively, should be so required under CPLR 8501 (b). Cross movants Aron Estates Corp., W.S.F. Realty Corp., Ben Lichtenfeld and David C. Reback urge that CPLR 8501 (a) governs this situation. Plaintiffs contend that CPLR 8501 (a) is inapplicable, particularly since plaintiff Rachel Slutzky in her capacity as executrix, is deemed a resident of Rockland County, where she was appointed, pursuant to the venue statute (CPLR 503 [b]). The plaintiffs further claim that this case is within CPLR 8501 (b) and the court should exercise its discretion to deny the application for security since the plaintiffs have demonstrated good faith in the prosecution of the litigation.
CPLR 8501 is derived from section 3271 of the Code of Civil Procedure of 1876 and section 1522 of the Civil Practice Act of 1920. There are differences in language in the provisions as, for example, section 1522 (A) (1) of the Civil Practice Act of 1920 mandated security when all plaintiffs were "residing without the state”. However, it appears that the change in language on the meaning of "resident” or "residing” is not substantial. (Cf, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C8501:l, at 264.)
Generally, CPLR 8501 (a) and its predecessor statutes have received a harsh construction and require that the plaintiff have an actual residence in the State, not just a technical presence. (8 Weinstein-Korn-Miller, NY Civ Prac f 8501.13; Manning v International Tel. & Tel. Corp., 24 Misc 2d 1016 [Sup Ct, Onondaga County 1960]; Jenkins v Bleecker-Thompson Corp., 3 Misc 2d 712, 713 [Sup Ct, NY County 1956].) It was so held in Morek v Smolak (245 App Div 355, 356 [4th Dept 1935]) where the Court held that the phrase "residing without the state” in Civil Practice Act § 1522 (A) (1) related to an "actual dwelling rather than to a technical legal domicile”. The irony is that in Morek the Court upheld the residence in New York, of a person living here in violation of the immigration laws, so as not to require security for costs. (Contra, Monteiro v St. Just S. S. Co., 211 App Div 867 [2d Dept 1924].)
*756 The New York decisions prior to the CPLR are in conflict on the question whether security for costs are mandated when the plaintiff is a nonresident estate fiduciary. (See, e.g., Maresca v Prudential Ins. Co., 255 App Div 865 [2d Dept 1938] [nonresident fiduciary must post security]; Schmalz v Crow Constr. Co., 146 App Div 623 [1st Dept 1911] [where no property exists in State at time of motion, estate fiduciary must post costs but not clear if mandated or per discretion]; Clarendon v Milliken Bros., 116 App Div 930 [2d Dept 1907] [where suit in good faith, not required to post security]; Pursley v Rodgers, 44 App Div 139 [1st Dept 1899] [should require security as matter of discretion]; Duggan v Syracuse Univ., 20 Misc 2d 627 [Sup Ct, Onondaga County 1959] [Del Vecchio, J.] [must post security where no property in State]; Oliva v D’Amato, 198 Misc 841 [Sup Ct, Queens County 1950] [discretionary]; Gilbert v 503-507 W. 177th St. Corp., 186 Misc 78 [Sup Ct, NY County 1945] [mandatory]; see, Annotation, Statute Requiring Security For Costs, 84 ALR 252, 259-260 [1933]; Milliman, Law of Costs § 259 [1904] [discretionary].) The conflicting rulings have been commented upon by learned treatises (8 Weinstein-Korn-Miller, NY Civ Prac ]f 8501.23, at 85-24 ["the courts have had some difficulty with the issue”]; 24 Carmody-Wait 2d, Costs fl 148:168, at 689-691) but the conclusion they reach is that since Manente v Sorecon Corp. (22 AD2d 954 [2d Dept 1964]) held CPLR 8501 (a) applicable to a nonresident administratrix, nonresident estate fiduciaries must post security for costs. 8 Weinstein-Korn-Miller (op. cit., K 8501.23), however, urges cautious counsel to make their request under both subdivisions of CPLR 8501.
All plaintiffs herein are nonresidents, including the estate representative as the venue provisions are not relevant to a determination of actual residence for the purpose of a security for costs motion. (Gottlieb v Paysner, 46 Misc 2d 388 [Sup Ct, Queens County 1965] [Shapiro, J.].) The estate representative is a nominal plaintiff and there are no assets in New York to insure payment for costs. Accordingly, pursuant to the authority of Manente v Sorecon Corp. (22 AD2d 954, supra), the court holds that plaintiffs are required to post security for costs under CPLR 8501 (a). To the extent that the court has any discretion on this issue, it would still order security for costs under CPLR 8501 (b).
Movants and cross movants for security request $5,000 to cover expected costs and disbursements while plaintiffs propose the statutory minimum of $250 (CPLR 8503). The pur *757 pose of the security is to provide a fund over which the court has jurisdiction that will reimburse the defendants for their costs and disbursements if they prevail in the action. (Manente v Sorecon Corp., 22 AD2d 954, supra; 8 Weinstein-Korn-Miller, NY Civ Prac fl 8503.01.)
Under the circumstances the court believes that $2,500 is adequate security for costs but will entertain in futuro applications if it becomes apparent that the fund is not adequate in light of subsequent developments. The $2,500 shall be deposited with the Commissioner of Finance of Rockland County within 30 days from the date an order hereon is served with notice of entry and all proceedings herein are stayed until such security is posted and the provisions of CPLR 8502 shall be incorporated into the order to be submitted.
DISCOVERY
The court has reviewed the discovery and inspection notices. We have gone beyond the days when the discovery demand was found objectionable for requesting "any”, "all”, "each” and "every” document of a certain kind. (Home & City Sav. Bank v Rose Assocs., 175 AD2d 386 [3d Dept 1991]; Breslauer v Dan, 150 AD2d 324 [2d Dept 1989]; MCG Elecs. v Purcell, 128 AD2d 843 [2d Dept 1987].) Therefore, the requests made of defendants International Royal Syndicate, Inc., Eliahu and Tomer Slutzky are not overbroad and items 10 to 14 are not stricken.
As to cross movants Aron Estates Corp., W.S.F. Realty Corp., Lichtenfeld and Reback, the court finds that items 1 to 4 shall be answered as no onerous burden on producing stock certificates, ledgers, or minutes of shareholders and director meetings has been alleged. Indeed, movants (International Royal Syndicate, Inc., et al.) have not objected to those items.
Insofar as items 5 to 8 seek individual tax returns and financial statements, a protective order is issued at this time. Generally, personal financial records and income tax returns are not discoverable unless the party seeking discovery can demonstrate that the information is indispensable to the case and cannot be obtained elsewhere. (Mayo, Lynch & Assocs. v Fine, 123 AD2d 607 [2d Dept 1986]; Matthews Indus. Piping Co. v Mobil Oil Corp., 114 AD2d 772 [1st Dept 1985]; 3a Weinstein-Korn-Miller, NY Civ Prac 3101.10a.) Plaintiffs may seek such information by motion after completion of the pretrial examinations.
*758 As to items 10 to 14, the demands are the same as previously addressed on the main movants’ main motion and are not stricken.
SUMMARY
That portion of the motion of Eliahu Slutzky to dismiss the complaint for lack of jurisdiction is denied. That portion of the first cross motion of defendant Reback to dismiss the complaint for lack of jurisdiction is granted to the extent of directing a traverse hearing. The Clerk of the Part will notify counsel of the date for such hearing. That part of the second cross motion by defendant Millstein to dismiss the complaint for lack of jurisdiction is granted to the extent of directing a traverse hearing as aforesaid.
That branch of the motion and first cross motion for security for costs is granted to require the posting of $2,500 within the time set forth in the opinion.
That branch of the motion to strike items 10 to 14 of plaintiffs’ discovery demand is denied. That part of the first cross motion to strike portions of plaintiffs’ discovery demands is granted as to those parts of items 5 to 8 which seek individual income tax and personal financial information and is otherwise denied. Assuming plaintiffs timely post security, movants and first cross movants shall respond to the discovery notices within 30 days after notice is received that the required security has been posted.

. There is no specific allegation in the complaint concerning International Royal Syndicate, Inc. However, plaintiffs’ responses to a demand for a bill of particulars, dated February 1, 1993, states that International was a shareholder in Ilan Estates, Inc. and W.S.F. Realty Corp.

. The answer of defendants International Royal Syndicate, Inc., Eliahu and Tomer Slutzky was not submitted on this motion but the court reviewed a copy contained in its internal file, previously submitted by the parties at or about the time of the preliminary conference.

. This conclusion is reached by reading the effective date language of section 27 of chapter 216 of the Laws of 1992 which refers to section 306-a as added by chapter 166 of the Laws of 1991 as being simultaneously effective during the transition period. No reference is made to chapter 55 of the Laws of 1992 which added the language of nullification to service of a summons which did not bear an index number. Clearly, the prechapter 55 version of CPLR 306-a was deemed applicable to July 1992 cases. CPLR 305 (c) as unamended by chapter 216 did not require an index number on the summons.