*641 OPINION OF THE COURT
Joan B. Lefkowitz, J.
Defendant Richard Marshall moves to dismiss the complaint for plaintiffs failure to comply with CPLR 306-b (a) because service of process was not made on him within 120 days of the filing thereof. Plaintiff cross-moves for a nunc pro tune order of filing.
The codefendants were served with the summons and complaint in March and April 1992. One of the codefendants was served pursuant to CPLR 308 (4) and, therefore, the summons, complaint and proof of service were filed with the County Clerk in April 1992. On April 30, 1993 the action, to recover the balance due on a legal retainer agreement, was dismissed as to the codefendants on the merits on their motion for summary judgment.
The movant, a nonresident of the State, was served with process on the courthouse steps in New York City in June 1993 when movant appeared for a pretrial examination in another case.* Proof of service was filed in July 1993.
The recently enacted provisions (L 1992, ch 216), effective January 1, 1993, relating to commencement of actions in the superior courts of New York by filing the summons and complaint, the transitional period of July 1, 1992-December 31, 1992 for commencement under the former civil practice provisions by service or filing first and the pre-July 1, 1992 requirement enacted in 1991 (L 1991, ch 166, § 381) requiring filing of the summons which had previously been served, are the subject of developing case law and commentary. (Metropolitan Prop. & Cas. Ins. Co. v Roosevelt, 154 Misc 2d 336 [Sup Ct, Rockland County 1993]; Norstar Bank of Upstate N. Y. v Wittbrodt, 154 Misc 2d 260 [Sup Ct, Albany County 1993]; Slutzky v Aron Estates Corp., 157 Misc 2d 749 [Sup Ct, Rockland County 1993]; Yeger v Yeger, NYLJ, Apr. 2, 1993, at 33, col 1 [Sup Ct, Kings County]; Matter of Baker, NYLJ, Apr. 21, 1993, at 26, col 1 [Sup Ct, Dutchess County]; 1 Weinstein-Korn-Miller, NY Civ Prac fl 306-a.01; Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, *642 CPLR 306-a, 1993 Pocket Part, at 41-42; Alexander, Practice Commentaries, op. cit., CPLR C306-a:l — CPLR 306-a:4, 1993 Pocket Part, at 43-46; Arkin, New York’s New Commencement By Filing Law, NY Civ Prac Annual [1992-1993]; Siegel, New York State Law Digest, June 1992, No. 390, July 1992, No. 391, Nov. 1992, No. 395, Dec. 1992, No. 396; Shapiro, Commencement by Filing Legislation, 19 Westchester Bar J 303 [Fall 1992]; Blair & Aloe, New Commencement by Filing Law: A Practitioner’s Survival Guide, NYLJ, June 26, 1992, at 1, col 1; Siegel, Imminent New Filing System Threatens Viability of Civil Lawsuits, NYLJ, Dec. 28, 1992, at 1, col 1; Siegel’s Practice Review, Apr. 1993, No. 1, May 1993, No. 2.)
Nunc pro tune orders of filing are available only as to actions prior to July 1, 1992 and as to actions commenced during the transitional period of July 1, 1992 to December 31, 1992 if, in the latter case, the fee for an index number was paid in 1992. (Metropolitan Prop. & Cas. Ins. Co. v Roosevelt, 154 Misc 2d 336, supra.)
If this action is governed by the present commencement by filing scheme then proof of service must be filed within 120 days of service as to each defendant. (See, Slutzky v Aron Estates Corp., 157 Misc 2d 749, supra; 1 Weinstein-KornMiller, NY Civ Prac ¶ 306-b.01; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 306-b, 1993 Pocket Part, at 48.) In that event the motion to dismiss the complaint herein would have to be granted. However, if this action falls under the former rules applicable to pre-July 1, 1992 actions, then, in that event, a nunc pro tune order of filing would issue.
Had the action not been dismissed as to the codefendants prior to service on the moving defendant an argument could be advanced that under the former or present version of CPLR 203 (b) and (c) the claim interposed against a defendant is also interposed against another party defendant united in interest. (Cf., Morrison v Foster, 80 AD2d 887 [2d Dept 1981] [relation back of united in interest claim not applicable to unserved defendant]; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 203, at 149-150; Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 203, 1993 Pocket Part, at 14-16 [noting that under amended interposition of claims provision in CPLR 203 (c) it may be argued that 120-day filing requirement can be extended].) Indeed, the court may add or drop parties at any time (CPLR 1003; see, CPLR 305 [a]).
*643 When this action was commenced in March and April 1992 there was no 120-day filing requirement and had the action been viable when the moving defendant was served in June 1993 the court would have granted the cross motion for a nunc pro tune order of filing. (CPLR 306-a [former (c)], L 1992, ch 216, § 27.) However, no action was pending when the moving defendant was served with the summons and complaint bearing the same index number and filing date as of the dismissed action. That being the case, the proper procedure herein was to purchase a new index number (and pay the fee therefor, which is the primary purpose of the commencement by filing legislation), file a summons and complaint under that new index number and file proof of service thereof within 120 days.
Accordingly, the complaint may be dismissed for failure to file and thereafter serve a summons and complaint bearing a newly assigned index number (CPLR 306-a [a]). Contrary to movant’s position, there is no basis to invoke the provisions of CPLR 306-b (a) (failure to file proof of service within 120 days of filing of summons and complaint) since that provision was not applicable when the summons and complaint were filed in April 1992 and, further, because the 120-day period has not expired from the time of service on movant on June 8, 1993.
This is a hybrid example of multiple defendants being served at different times by different methods resulting in avoidable procedural motions, which unduly prolong the case. The purpose of the CPLR is to construe its provisions liberally so as to provide speedy, just and inexpensive determinations (CPLR 104). No prejudice has been claimed by the moving defendant and under the circumstances the court can treat the failure to obtain a separate index number as to the moving defendant as a mere irregularity to be corrected on appropriate terms (CPLR 2001). The court chooses to exercise its discretion in this matter as follows: the motion to dismiss the complaint is granted without prejudice and without costs or disbursements unless plaintiff obtains a new index number (and pays the fee therefor), files the summons and complaint again under the new index number, serves the moving defendant and his attorney by mail with a stamped copy of the summons and complaint with the new index number thereon and files proof of service thereof within 30 days hereof. The cross motion is denied.

 It is not clear if the other case was the very same case that movant allegedly retained plaintiff to protect his interests. A question arises as to whether such service was valid which would depend upon various factors including: enticement of movant into this State; issuance of subpoena to movant; CPLR 302 jurisdiction over movant; voluntary appearance in New York by movant; etc. (See, 1 Weinstein-Korn-Miller, NY Civ Prac f 308.05.)