**Lisa CAPIZZI, ind. and as Personal Representative of Santo Capizzi, Plaintiff,**

v.

**PRC PUBLIC SECTOR INC., Planning Research Corp., PRC Management Inc., Defendants.**

**No. 93 Civ. 2827 (PNL).**

United States District Court, S.D. New York.

Jan. 10, 1994.

Lacara, Galvez & Caputo, West Sayville, NY (Stephen J. Caputo, of counsel), for plaintiff.

---

Gogick & Seiden, New York City (Kevin J. O'Neill, of counsel), for defendants.

## OPINION AND ORDER

LEVAL, Circuit Judge.*

This is a wrongful death action instituted in the courts of New York and removed to federal court. The decedent died on December 16, 1990; the parties agree that the limitations period governing the action is two years. On December 16, 1992, the last day of the limitations period, the plaintiff purchased an index number from the clerk of the New York Supreme Court. The named defendants were not served with a summons and complaint until April 1, 1993. The defendants move to dismiss the action as time-barred. Plaintiff cross-moves for an order affirming timeliness.

### Discussion

In 1992, the New York legislature significantly amended the statutory regime governing the commencement of civil actions. Before July 1, 1992, actions in New York were commenced by service of process upon one's adversaries. The law required the purchase of an index number and the filing of proof of service within 30 days of service; if this filing was not timely done, however, plaintiffs could petition for a *nunc pro tunc* order establishing timeliness.

Because the availability of *nunc pro tunc* orders was impairing the effectiveness of the index number/proof of service requirement as a source of revenue, the legislature amended the statute to provide that after December 31, 1992:

An action is commenced by filing a summons and complaint or summons with notice with the clerk of the court in the county in which the action is brought.... [F]iling shall mean the delivery of the summons with notice or summons and complaint to the clerk together with any fee required ...

N.Y. CPLR § 304. These requirements function as conditions precedent to the service of process on one's adversaries. Indeed,

service made without an index number is a nullity; the new regime thus ensures that no action can be commenced without paying the statutory filing fee. The period between July 1, 1992 and December 31, 1992, during which the plaintiff's index number was purchased, was a "grace period" during which actions could be commenced under either of the two CPLR regimes.

■ During this statutory grace period the plaintiff complied with neither of the two statutorily prescribed methods for commencing an action. In the plaintiff's application for an index number, filed on the last day of the statute of limitations, she conceded on the index number purchase form that a summons was *not* being filed therewith. It is also undisputed that no summons was served on the defendants until long after the statute of limitations had run. The plaintiff argues that the mere purchase of an index number prior to the running of the statute of limitations sufficed to toll the statute until the complaint was served and/or filed. This position misconstrues New York Law.

■ Plaintiff's contention—that during the transitional period an action could be commenced under the old CPLR regime simply by purchasing an index number—is incorrect. CPLR § 304 unmistakably required service on one's adversaries to commence an action.[1] The defendants correctly argue that because the defendants were not timely served with a summons, no action was properly commenced within the limitation period. The plaintiff's reliance on CPLR § 306–a(c) is misplaced. That statute provided that "Where a summons in an action commenced in the supreme or county court, including a third party action, has not been filed within the time prescribed by this section, the court shall order the filing thereof *nunc pro tunc*." Its *nunc pro tunc* reversion applies only to an action that has already been *commenced*. It has no application here as plaintiff had not previously commenced the action.

The sole case cited by the plaintiff in its memorandum of law does not support the position for which it argues. In *Metropoli-*

---

* Sitting by designation.

1. It provided that "An action is commenced and jurisdiction acquired by service of a summons."

*tan Property & Casualty Insurance Co. v. Roosevelt,* 154 Misc.2d 336, 593 N.Y.S.2d 923 (Sup.Ct.Rockland Co.1993), the court held that where an action was properly commenced during the transitional period, and an index number was purchased, but the summons was not filed within 30 days as required, the court would enter a *nunc pro tunc* order to make the filing of the summons with proof of service timely. This merely extended the prior statutory regime into the "grace period." The court nowhere stated that the purchasing of an index number was sufficient to commence an action in New York. In the case at bar, no action was properly commenced and *Metropolitan Property* is thus inapposite.[2]

The plaintiff has also clearly failed to meet the commencement requirements of the new statutory regime—commencement by filing of the summons. The unambiguous requirements of the amended section 304 were not met.[3]

The current Section 304, which calls for commencement by filing, understandably does not contain a *nunc pro tunc* filing provision.[4] It does provide a safety mechanism: "Where a court finds that circumstances prevent immediate filing with the clerk of the court, the signing of an order requiring the subsequent filing at a specific time and date not later than five days thereafter shall commence this action." This statutory provision demonstrates the falsity of plaintiff's argument that purchasing an index number suffices to commence an action, and that filing/service can take place at any time after the index number is purchased. Indeed, the supplemental practice commentary on § 304

states that "[w]hether the court may extend the five day period for filing is a difficult question. If so doing would give longer life to the statute of limitations, the answer must be 'no.' *See* 1992 Supplementary Practice Commentaries on CPLR § 203, at 203:2A." This conclusion comports with CPLR § 201 which specifically provides that an action "must be commenced within the time specified in this article unless a different time is prescribed by law or a shorter time is prescribed by written agreement. No court shall extend the time limited by law for the commencement of an action."

Academic commentary on the recent statutory changes supports the conclusion that merely purchasing an index number has never suffated to commenced an action. *See* Marc Arkin, *New York's New Commencement by Filing Law,* (Matthew Bender Special Pamphlet 1992 § 14) (During the six month transitional period, "an action may be commenced, and the statute of limitations tolled, either by filing pursuant to the new act or by service of the summons, provided that the index number fee is paid by December 31, 1992"); *New York State Law Digests,* No. 390 §§ 1, 2, No. 391 § 22 (summons with notice and/or summons and complaint must be filed before statute of limitations has run.) As the practice commentary on CPLR § 304 points out, "In actions (and third-party claims) commenced by service during the transition period, the requirements of the old version of CPLR § 306–a (Laws of 1991, ch. 166 § 381) still apply. Proof of service must therefore be filed (and an index number pur-

**2.** As the defendants appropriately point out, "When New York was a service jurisdiction for the commencement of actions, plaintiff did not serve. When New York was a service or filing jurisdiction for the commencement of actions, plaintiff neither served nor filed. When plaintiff was a filing jurisdiction for the commencement of actions, plaintiff did not file. There is, therefore, no date to which this court can *nunc pro tunc* the commencement of this action." (Aff. of K. O'Neill ¶ 14.)

**3.** Section 304 provides that

An action is commenced by filing a summons and complaint or summons with notice with

the clerk of the court in the county in which the action is brought.... [F]iling shall mean the delivery of the summons with notice or summons and complaint to the clerk together with any fee required ...

**4.** As the defendant rightly notes, the plaintiff is impermissibly attempting to craft a hybrid of the new and old regimes. She seeks to combine a tenet of the new regime—the commencement of an action by filing with the clerk (in this case by merely purchasing an index number)—with a tenet of the old regime—that if actual service was properly made, a *nunc pro tunc* order could be entered with respect to the subsequent (non-commencement) filing.

chased) within 30 days after service of process is complete."[5]

Neither the statutes themselves, case law, nor academic commentaries support the plaintiff's position. Even during the statutory transitional period, merely purchasing an index number did not constitute the "commencement" of an action under New York law. Since the appropriate summons was neither timely filed nor timely served, this action is barred by the statute of limitations.

### · Conclusion

Defendant's motion to dismiss is therefore granted. Plaintiff's cross-motion is denied.

SO ORDERED.

---

**5.** The old § 306–a, relied upon by the plaintiff in her cross-motion for a *nunc pro tunc* order, applied only to actions that had been properly commenced by service. It is undisputed that no service was made in this case until long after the statute of limitations had run. Her request must therefore be denied.