114

[610 NYS2d 689]

Michael De Maria, Respondent, v Dorothy T. Smith et al., Appellants.

Third Department, April 21, 1994

APPEARANCES OF COUNSEL

*Thuillez, Ford, Gold & Conolly,* Albany *(Ann C. Crowell* of counsel), for appellants.

*Insogna & McCoski,* Amsterdam *(Kelli P. McCoski* of counsel), for respondent.

## OPINION OF THE COURT

PETERS, J.

This action for personal injuries arose from a motor vehicle accident which occurred on November 15, 1989. On October 14, 1992, one month and one day prior to the expiration of the Statute of Limitations, plaintiff purchased an index number from the Montgomery County Clerk's office. No other documents were filed at that time and neither filing nor service of a summons on or before November 15, 1992, the date the Statute of Limitations expired, occurred.

On or about January 28, 1993, plaintiff obtained an ex parte order from Supreme Court authorizing an alternate method of service pursuant to CPLR 308 (5). At such time, plaintiff first filed the summons and complaint. Issue was joined by service of defendants' answer on or about February 19, 1993 wherein defendants asserted, *inter alia,* that the instant action was time barred. On March 9, 1993, defendants moved for summary judgment upon the foregoing grounds, which was denied. Supreme Court found that the summons with notice was not filed with the application for an index number on October 14, 1992 due to law office failure. It therefore directed the summons with notice to be filed nunc pro tunc as of such date. Defendants appeal.

The issue presented on this appeal is whether, pursuant to CPLR 304 (as amended by L 1992, ch 216, § 4), Supreme Court had the authority to issue a nunc pro tunc order of filing of the summons with notice. Laws of 1992 (ch 216) (hereinafter chapter 216) affected the way in which all actions may be commenced on or after July 1, 1992. Section 27 (a) of chapter 216 provides as follows: "Until January 1, 1993, an action shall be deemed to be validly commenced and a claim contained in a complaint shall be deemed to be interposed against

the defendant * * * if such action is commenced as provided in this act or if such action is commenced in accordance with the law including [CPLR 306-a] as added by chapter 166 of the laws of 1991 in effect immediately prior to the enactment of this act".

As noted by a leading authority: "A supreme or county court action in which service of process was made on or before June 30, 1992, continues to be deemed commenced by service. If no filing preceded that service, however, it would be subject to the old CPLR 306-a, requiring a filing within 30 days after the service. Under that old version of CPLR 306-a, however, there is no penalty of dismissal; a nunc pro tunc order is allowed" (Siegel, NY Prac, at 61 [2d ed, 1992 Pocket Part]).

Professor Siegel correctly noted the impact of the amendments to the CPLR by chapter 216 during the transitional period from July 1, 1992 to December 31, 1992: "Until January 1, 1993, an action in the supreme or county court will be deemed commenced either by service or by filing. If by filing, all the new provisions * * * presumably apply to it. If it is commenced by service, however, the effective date provision says explicitly that it is subject to the old CPLR 306-a, requiring a filing within 30 days after the service" *(ibid.).*

Here, the failure of plaintiff during this transitional period to commence this action by service upon defendants prior to the running of the Statute of Limitations precluded plaintiff from utilizing the provisions of CPLR former 306-a, which would have allowed the issuance of a nunc pro tunc order of filing if service was made and the fee for the index number was paid in 1992 *(see, Kleinman, Saltzman & Goodfriend v Marshall,* 158 Misc 2d 640, 642; *Metropolitan Prop. & Cas. Ins. Co. v Roosevelt,* 154 Misc 2d 336, 338). Prior to the enactment of chapter 216, the filing of the summons with proof of service was deemed a ministerial, not jurisdictional, act *(Metropolitan Prop. & Cas. Ins. Co. v Roosevelt, supra,* at 338) and, therefore, a nunc pro tunc order was allowed. Here, by purchasing the index number in 1992 without service prior to the expiration of the Statute of Limitations, plaintiff did not toll the Statute of Limitations *(see,* CPLR 203 [c]; *Seavey v Korte,* 159 Misc 2d 407, 410) and plaintiff now must abide by the new filing requirements detailed in chapter 216.

Pursuant to CPLR 304 (as amended by L 1992, ch 216, § 4), it is quite clear that "[a]n action is commenced by filing a summons and complaint or summons with notice with the

clerk of the court in the county in which the action is brought". Pursuant to such language, it is the actual filing of a summons and complaint or a summons with notice which commences the action and therefore tolls the Statute of Limitations *(see,* CPLR 203 [c]). With the filing now deemed a jurisdictional act *(see, Metropolitan Prop. & Cas. Ins. Co. v Roosevelt, supra,* at 338; *see also, Matter of Yancey v Hernandez-Pinero,* 158 Misc 2d 514), and by the mandate of CPLR 201 which proclaims that "[n]o court shall extend the time limited by law for the commencement of an action", we find that Supreme Court's order allowing the summons with notice to be filed nunc pro tunc as of October 14, 1992 was error because it effectively extended the Statute of Limitations beyond the November 15, 1992 deadline *(see generally, Matter of American Tr. Ins. Co. [Lewis],* 157 Misc 2d 730). Accordingly, we find that defendants' motion for summary judgment should have been granted because plaintiff's action was time barred by the time that service was effected upon defendants.

MIKOLL, J. P., CREW III, CASEY and YESAWICH JR., JJ., concur.

Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.