■ JOSEPH GIAHN, Appellant, v ESTHER GIAHN, Respondent. [626 NYS2d 254] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Friedmann, J.), dated December 16, 1993, which, *inter alia,* denied his motion to direct that the summons be deemed filed nunc pro tunc as of December 7, 1992, and for an extension of time in which to file an affidavit of service.

Ordered that the order is reversed, on the law, without costs or disbursements, the plaintiff's motion is granted, and the summons and affidavit of service are deemed filed nunc pro tunc as of December 7, 1992.

The plaintiff sustained injuries on December 27, 1989. Within the applicable three-year Statute of Limitations *(see,* CPLR 214), the plaintiff commenced this personal injury action by purchasing an index number and allegedly filing a copy of the summons and complaint on December 7, 1992. The summons and complaint were served on the defendant on December 17, 1992. In April 1993, it was discovered that there was no summons in the County Clerk's file, and that the plaintiff's attorney had failed to file an affidavit of service within the 120-day statutory period *(see,* CPLR 306-b). The plaintiff then moved, *inter alia,* for an order directing that the summons be deemed filed nunc pro tunc and for an extension of time in which to file an affidavit of service. The defendant did not oppose the motion. The court denied the plaintiff's motion and the plaintiff now appeals.

Since this action was commenced prior to January 1, 1993, CPLR former 306-a (c) as enacted in 1991 remains applicable *(see, Metropolitan Prop. & Cas. Ins. Co. v Roosevelt,* 154 Misc 2d 336). Additionally, since this action was commenced prior to the running of the Statute of Limitations and during the transitional period for implementation of CPLR 306-b (i.e., July 1, 1992 to Dec. 31, 1992), and because the index number was purchased in 1992, a nunc pro tunc order permitting late filing is authorized *(see, De Maria v Smith,* 197 AD2d 114). In light of the lack of opposition to this motion by the defendant and the potential merit to the plaintiff's claim, we find that the plaintiff's motion to direct that the summons be filed nunc pro tunc as of December 7, 1992, should have been granted. Additionally, the plaintiff's request to have the affidavit of service deemed filed within the statutory 120-day period is

granted. Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.