■ Maxine Barrett-Antoine, Respondent, v James Antoine, Appellant. [628 NYS2d 787] —In an action for divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated January 31, 1994, which, inter alia, denied his motion to dismiss the complaint for failure to comply with CPLR 306-a.

Ordered that the order is affirmed, with costs.

The present action was commenced by the service of a summons and complaint in 1988. In March 1992, the plaintiff filed the summons and purchased an index number. In October 1993, the defendant made a motion for an order "dismissing this action for failure to comply with Section 306-a of the CPLR". The Supreme Court denied this motion. We affirm.

The version of CPLR 306-a referred to by the defendant was enacted in 1991 (L 1991, ch 166, § 381) and repealed in 1992 (L 1992, ch 216, § 6) when it was replaced by a substantially different statute *(see, Oskun Park v Martinez,* 156 Misc 2d 352). The provisions of CPLR former 306-a required the court, upon application, to authorize the late filing of the summons in all cases where a timely filing had not been made (CPLR former 306-a [c]). In denying the defendant's motion in this case, the Supreme Court in effect validated the plaintiff's late filing. Even if we assume, as do the parties, that this action is governed by CPLR former 306-a, the fact remains that neither that statute, nor any other statute, authorizes the dismissal of the plaintiff's action based on the circumstances outlined above. It is axiomatic that a court may not impose the sanction of dismissal in the absence of statutory authority *(e.g., Tewari v Tsoutsouras,* 75 NY2d 1; *Kolb v Strogh,* 158 AD2d 15). In this case, since no authority existed, the court was without power to dismiss the action on the grounds urged by the defendant *(see, De Maria v Smith,* 197 AD2d 114, 116, quoting Siegel, NY Prac, at 61 [2d ed, 1992 Pocket Part]; *see also,* Siegel, New York Law Digest, No. 391, July 1992, § 22, at 8). Bracken, J. P., Joy, Friedmann and Krausman, JJ., concur.