■ LEONARD WATSON, Appellant, v TOWN OF GREENBURGH et al., Respondents. [650 NYS2d 599] —In an action for false arrest, the plaintiff appeals from an order of the Supreme Court, Westchester County (Fredman, J.), dated June 19, 1995, which granted the defendants' separate motions to dismiss the complaint on the ground that the Statute of Limitations had run, and denied his cross motion to deem his proofs of service timely filed nunc pro tunc.

Ordered that the order is reversed, with costs, the defendant's motions are denied, the complaint is reinstated, the plaintiff's cross motion is granted, and the affidavits of service are deemed timely filed nunc pro tunc.

The plaintiff's action was timely commenced in 1988 as reflected by the affidavits of service of the original summons and complaint as well as the amended complaint. Thus, there was no basis to invoke the provisions of CPLR 306-b, which was not enacted until 1992, as a ground for dismissing the complaint *(see, Kleinman, Saltzman & Goodfriend v Marshall,* 158 Misc 2d 640). Since this action was properly commenced prior to July 1, 1992, and because the defendants were served prior to the running of the Statute of Limitations, we find that the court's denial of the plaintiff's cross motion to have the proofs of service deemed timely filed nunc pro tunc was an improvident exercise of discretion. Sullivan, J. P., Copertino, Santucci and Florio, JJ., concur.