■ LAWRENCE H. ALEXANDER, Appellant, v COUNTY OF WEST-CHESTER et al., Respondents. [668 NYS2d 945] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered February 28, 1997, which denied his mo-tion for leave to file the summons and affidavits of service nunc pro tunc within 30 days after the summons was served on May 11, 1992.

Ordered that the order is reversed, on the law, without costs or disbursements, the plaintiff's motion is granted, and the summons and affidavits of service are deemed filed nunc pro tunc within 30 days of May 11, 1992.

The plaintiff allegedly sustained injuries on September 3, 1991, and timely commenced this personal injury action by serving a copy of the summons and complaint upon the defendants on May 11, 1992, and May 12, 1992 (see, General Municipal Law § 50-i). In January 1997 the plaintiff's attorney discovered that he had never purchased an index number or filed the summons and affidavits of service with the Supreme Court within 30 days after service was complete. The plaintiff then moved for leave to file the summons and affidavits of service nunc pro tunc within 30 days after the summons was served. The Supreme Court denied the motion, and we reverse.

Since this action was commenced prior to January 1, 1993, and prior to the transitional period of July 1, 1992, through December 31, 1992, CPLR former 306-a (c) as enacted in 1991 (L 1991, ch 166, § 381) applies (see, Giahn v Giahn, 215 AD2d 437; Metropolitan Prop. & Cas. Ins. Co. v Roosevelt, 154 Misc 2d 336). Pursuant to the 1991 provision a nunc pro tunc order permitting late filing is authorized irrespective of when the fee is actually paid. Since this action was commenced prior to the running of the Statute of Limitations and the defendants have shown no prejudice by the late filing, we find that the plaintiff's motion should have been granted. O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.