■ FRANK OTTAVIANO, as Chairman and Trustee of the Joint Industry Board of the Plumbing Industry of the City of New York, Also Known as Plumbing Industry Board Local No. 2, et al., Appellants, v NEW YORK SURETY COMPANY, Respondent. [673 NYS2d 605] —In an action to recover on a surety bond, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Burke, J.), entered June 24, 1997, which denied their motion for leave to file the summons and complaint and proof of service nunc pro tunc and granted the defendant's cross motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is granted, and the cross motion is denied; and it is further,

Ordered that the plaintiffs' time to file the summons and complaint with proof of service is extended until 30 days after service upon them of a copy of this decision and order with notice of entry.

It is not disputed that in June 1991 the plaintiffs commenced this action against the defendant by service of a summons with notice. However, the summons and proof of service were never filed with the clerk of the court. Consequently, after, *inter alia,* a pending Federal action between the parties for the same relief was dismissed for lack of subject matter jurisdiction, the plaintiffs moved for leave to file the instant summons and complaint and proof of service nunc pro tunc. The Supreme Court denied this relief and dismissed the action. We reverse.

Because this action was commenced prior to January 1, 1993, and prior to the transitional period of July 1, 1992, though December 31, 1992, it is governed by CPLR 306-a (c) as enacted in 1991 (*see, Alexander v County of Westchester,* 248 AD2d 419). CPLR 306-a (c) as it then read provided that the court "shall" grant a motion for a nunc pro tunc filing of the relevant papers upon proper application (*see, Alexander v County of Westchester, supra;* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C306-a:3, 1991 Supp Pamph, at 112). Thus, here, the Supreme Court erred in denying the plaintiffs' motion.

Contrary to the defendant's assertions on appeal, the continuing viability of this action was not determined by the Appellate Division, First Department, in *Greenblatt v New York Sur. Co.* (246 AD2d 385). Thus, the defendant's arguments regarding the doctrines of res judicata and law of the case are without merit (*see, Jimenez v Shippy Realty Corp.,* 213 AD2d 377; *Cesar v United Technology,* 173 AD2d 394). Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.