OPINION OF THE COURT
Lewis R. Friedman, J.
Defendant, New York Surety, moves to dismiss the complaint *127 as time barred or, in the alternative, to dismiss the third cause of action on the ground that it fails to state a cause of action (CPLR 3211 [a] [7]). Plaintiffs cross-move seeking to amend the complaint.
A contract dispute arose between plaintiff and Delta, a nonparty. New York Surety issued a bond on behalf of Delta. The bond was cancelled effective June 19, 1990.
The contract dispute was the subject of Federal litigation. The United States Court of Appeals for the Second Circuit dismissed the action on October 13, 1995 (Greenblatt v Delta Plumbing & Heating Corp., 68 F3d 561). On November 3, 1995 the matter was remanded to the District Court. The District Court ordered the complaint dismissed on January 18, 1996. Plaintiffs filed this action on May 23, 1996 and served it on May 30, 1996. Under the bond the time limitation for the commencement of an action was: "The Obligee shall have the right to maintain a suit, action or proceeding against the Surety hereunder for a period of one (1) year after the date of expiration or cancellation of this Bond if, within six (6) months after said expiration or cancellation, the Surety is notified of any claim which would require the Surety’s payment pursuant to this Bond.” The parties do not dispute that the Federal action was timely commenced. Plaintiff now seeks the benefit of the tolling provisions of CPLR 205 (a). CPLR 205 (a) provides for a six-month tolling of the time to institute a new action, "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits”.
The narrow question of when the Federal action terminated is presented, so as to start the six-month period in which this action could be commenced. At least three possible alternative dates are presented: the date the Second Circuit dismissed the action: October 13, 1995; the date the mandate to the District Court was issued by the clerk of the Second Circuit: November 3, 1995; or the date when the District Court issued its order of dismissal: January 18, 1996.
Rule 36 of the Federal Rules of Appellate Procedure requires the clerk of the court to enter judgment in accordance with the opinion of the court. Rule 0.18 of the Rules of the Second Circuit mandates that the clerk enter orders and judgment on decisions by the court in motions and appeals in accordance *128 with rule 36 of the Federal Rules of Appellate Procedure. On October 13, 1995 the Court of Appeals "reverse[d] * * * vacate[d] * * * and dismissed] ” the judgment of Judge Sweet of the United States District Court for the Southern District of New York (Greenblatt v Delta Plumbing & Heating Corp., 68 F3d 561, 576-577, supra). No mention is made in the Court of Appeals decision of remand. Thereafter the clerk had an absolute obligation to enter judgment in accordance with the opinion of the court, to fulfill its ministerial function. On November 3, 1995 the clerk entered a mandate which reads in part: "on consideration whereof, it is now hereby ordered, adjudged and decreed that the judgment of said district court be and it hereby is reversed and the matter remanded to the said district court for further proceedings consistent with the opinion of this court.” The mandate in its language orders the judgment reversed; it is an order. Indeed the clerk had an obligation to serve the order with notice of entry by mail on the parties. The United States Supreme Court in at least one case when interpreting "final judgment” held that for purposes of 28 USC § 2412 (d) (1) (B) final judgment means a judgment rendered by a court that terminates the civil action (Melkonyan v Sullivan, 501 US 89, 95, 96). In a discussion of remand (to an agency) the Supreme Court drew a distinction between remand merely for disposition or remand for further proceedings. Clearly in the case at bar there could be no further proceedings since the circuit had rendered final judgment. The District Court order only follows after the mandate, as an obligatory ministerial act. Thus, from the Federal perspective the Second Circuit dismissal of October 13, 1995, at least by November 3, finally terminates the action. Plaintiff had no further rights. Indeed in Cohoes Hous. Auth. v Ippolito-Lutz (65 AD2d 666) the State Court held that the affirmance of an order of dismissal terminated the plaintiff’s rights and that seeking leave to appeal did not stay the time to file a new action within the meaning of CPLR 205 (a).
Defendant asserted as a first matter that this action was time barred since the bond was cancelled as of June 19, 1990. However the plaintiffs in opposition argued that the Federal action was timely commenced and that that litigation only concluded with the order of the District Court on January 18, 1996 less than six months before the instant State litigation was commenced. Thus plaintiff concludes that this action is timely.
State law is spare on this point. However the Appellate Division, First Department did hold in Buchholz v United States *129 Fire Ins. Co. (269 App Div 49, 51) in interpreting section 23 of the Civil Practice Act, the analogue to CPLR 205 (a), that the statute begins to run "from the termination of the first suit. Here the termination was the decision of the Court of Appeals * * * in the earlier action.” Notwithstanding there being reference to a remittitur in Buchholz, no mention whatsoever is made of action by the lower court. Thus the State law is certainly not to be contrary. In 423 S. Salina St. v City of Syracuse (68 NY2d 474, 486) the Court interpreted the application of CPLR 205 (a) when previous Federal proceedings had been had and stated, "The present action, having been commenced within six months after the Second Circuit’s affirmance of the dismissal of the prior Federal action, is timely if that action was timely brought”. The Court of Appeals makes no reference whatsoever to a clerk’s order, mandate or to the District Court’s subsequent order. This court will not treat the Second Circuit determination any differently than the Court of 423 S. Salina St.
Filing of the action on May 23, 1996 is clearly more than six months after the Second Circuit dismissal order on October 13, 1995 or for that matter the clerk’s mandate of November 3, 1995. It is clear that subsequent ministerial action of the District Court is irrelevant to when the judgment became final.
Thus this action is untimely. There is no basis to amend an untimely action.
Defendant’s motion to dismiss the action is granted.