■ WILLIAM GREENBLATT, as Chairman of the Joint Industry Board of the Plumbing Industry of the City of New York, Also Known as Plumbing Industry Board Local No. 2, et al., Appellants, v NEW YORK SURETY COMPANY, Respondent. [668 NYS2d 159] —Order, Supreme Court New York County (Lewis R. Friedman, J.), entered December 9, 1996, which granted defendant's

motion to dismiss plaintiffs' complaint as time-barred, unanimously affirmed, without costs.

Plaintiffs' Federal action to recover on a surety bond issued by defendant met with initial success in the District Court (*Greenblatt v Delta Plumbing & Heating Corp.*, 849 F Supp 247), but on appeal the Second Circuit found a lack of subject matter jurisdiction, reversed the judgment in plaintiffs' favor and dismissed the action (68 F3d 561). The narrow issue now is when the Federal action "terminated" for purposes of the six-month time limit in CPLR 205 (a) for commencing a new action in State court. The IAS Court held that plaintiffs' Federal action was terminated either by the Second Circuit's decision, which was entered on October 13, 1995, or, at the latest, by the mandate of the Clerk of that Court, which was issued on November 3, 1995, and not, as plaintiffs argue, by the District Court's order of January 18, 1996, which merely dismissed the complaint pursuant to the nondiscretionary mandate, and that the instant action, which was commenced on May 30, 1996, is therefore time-barred. We agree. The Federal action should be considered as having terminated at "that point of time in the litigation when * * * plaintiff[s] ha[d] exhausted [their] rights with respect thereto" (*Brumel v Hartford Fire Ins. Co.*, 158 Misc 311, 316), which is to say "from the date of determination of an appeal on the merits" (*Dinerman v Sutton*, 45 Misc 2d 791, 792; *see also, 423 S. Salina St. v City of Syracuse*, 68 NY2d 474, 486). This result has additional support in Federal authority holding that "[u]sually the issuance of a mandate by [a Federal Court of Appeals] means that the litigation has come to an end" (*Gradsky v United States*, 376 F2d 993, 995, *cert denied sub nom. Grene v United States*, 389 US 908). Nothing in the record indicates that any exceptional circumstances exist that might justify a recall of the Second Circuit's mandate. Nor did plaintiffs take any further action in Federal court after the issuance of the Second Circuit's opinion. Concur—Ellerin, J. P., Wallach, Mazzarelli, Andrias and Colabella, JJ. [*See*, 171 Misc 2d 126.]